IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CARL R. MENEFEE, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 07 CV 6396 |
| | ) | |
| DYNAMIC EDUCATIONAL SYSTEMS, INC., | ) | Judge Gettleman |
| | ) | Magistrate Judge Schenkier |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant, Dynamic Educational Systems, Inc. ("DESI"), interviewed Plaintiff Carl R. Menefee Sr. ("Menefee") for an accountant position at DESI's Chicago office, but hired a more qualified candidate. DESI is in the business of providing training to help people obtain employment through job placement. Chris Herro, DESI's Director of Finance, interviewed five (5) persons selected for telephone interviews, including Menefee. Based upon Mr. Herro's phone interview with Menefee, Mr. Herro believed that Menefee seemed flustered and did not have good communication skills. Nevertheless, Mr. Herro recommended that DESI conduct personal interviews of four (4) candidates, including Menefee. Of those four (4) candidates, Mr. Herro believed that Menefee was the weakest candidate based on his phone interview. Mr. Simmons, DESI's then-acting General Manager, conducted the in-person interviews. D.E. Simmons was the only person from DESI to interview Menefee in person, and he is in all three of the same classes as Menefee alleged were the basis of discrimination against him, namely, Mr. Simmons is a black male over the age of 50.

Out of the candidates for the accountant position, Menefee was judged the least qualified. DESI also rejected other male applicants for the accountant position, as well as younger applicants. Overall, DESI believed that Menefee was less likely to work successfully at DESI than Ms. Giroux, the applicant offered the accountant position. DESI management agreed that Ms. Giroux had excellent communication skills, supervisory experience, and was coming from a large company, whereas Menefee had poor communication skills, lacked any supervisory experience, and had recently worked at a small company. DESI's reasons for not hiring Menefee were non-discriminatory. The Court should enter summary judgment in favor of DESI.

## **LEGAL STANDARD**

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "As the Seventh Circuit stated in *American Nurses Ass'n v. Illinois*, 783 F.2d 716, 729 (7th Cir.1986), there is no absolute right to discovery and a defendant may in fact move for summary judgment at any time in the proceedings, even before he files an answer." *Robinson et al. v. Akins*, No. 89 C 5413, 1990 WL 71285, at *4 (N.D. Ill. 1990). The plain language of the rule mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "Furthermore, a factual dispute is 'genuine' for summary judgment purposes only when there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. Hence a 'metaphysical doubt' regarding the existence of a genuine fact issue is not enough to stave off summary judgment, and the nonmovant fails to demonstrate a genuine issue

for trial where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001)(internal quotations and citations omitted).

## ARGUMENT

I. **Menefee Cannot Establish a *Prima Facie* Case of Age Discrimination Because Similarly-Situated Persons Were Not Treated Differently.**

There is no direct evidence of discrimination and Menefee cannot establish a *prima facie* case of age discrimination because another person in the protected age class was offered the accountant position immediately before Menefee was interviewed for the accountant position. "[A] failure-to-hire plaintiff must establish the following elements of the *prima facie* case: (1) he was a member of the protected age group (forty or older); (2) he applied for and was qualified for the position; (3) he did not receive the position; and (4) those who were hired were not in the protected group and had similar or lesser qualifications for the position." *Lawhead v. Ceridian Corp.*, 463 F. Supp. 856, 862 (N.D. Ill. 2006).

Summary judgment is required because Menefee cannot make a showing that satisfies the fourth element, that a person hired was not in the protected group or that the person had similar or lesser qualifications. DESI began advertising for the accountant position on or about August 23, 2004. (Statement of Material Facts ¶4) On November 11, 2005, DESI made an offer of employment for the accountant position to Mr. Sam Lisuzzo. (Statement of Material Facts ¶6) At the time of the offer to Mr. Lisuzzo, Mr. Lisuzzo was forty-nine (49) years old, as he was born on August 11, 1955. (Statement of Material Facts ¶6)

Shortly after offering the accountant position to Mr. Lisuzzo, Mr. Lisuzzo withdrew himself from the applicants seeking the accountant position. (Statement of Material Facts ¶7) Consequently, DESI resumed advertising for the accountant position on or about November 22,

2004. (Statement of Material Facts ¶8) In response to DESI's continued search for someone to fill the accountant position, Menefee was interviewed and rejected for employment. (Statement of Material Facts ¶¶13, 17, 18)

Despite DESI ultimately rejecting Menefee for the accountant position, it is uncontestable that DESI had filled the same accountant position Menefee applied for with a person in Menefee's protected age class. There simply cannot be any inference of age discrimination where, as here, a person in the plaintiff's protected class (and was only 1 year younger) was offered the same accountant position for which Menefee applied.

## II. Menefee Cannot Establish a *Prima Facie* Case of Reverse Sex Discrimination Because Similarly-Situated Persons Were Not Treated Differently.

Menefee cannot establish a *prima facie* case for sex discrimination because another person in his class (male) was hired for the accountant position immediately before Menefee was interviewed for the accountant position. To make out a *prima facie* case for reverse sex discrimination, the plaintiff must show "evidence indicating that the particular employer at issue has some reason or inclination to discriminate invidiously against [men] and evidence indicating that there is something 'fishy' about the facts of the case at hand." *Mills v. Health Care Serv. Corp.*, 171 F.3d 450, 455, 457 (7th Cir. 1999) (citing *Harding v. Gray*, 9 F.3d 150, 153 (D.C. Cir. 1993). Alternatively, the plaintiff can show that "the person ultimately hired was clearly less qualified than the plaintiff, the hiring authority expressed intense interest in hiring a woman, and there was a pattern of hiring women in the past." *Mills*, 171 F.3d at 455 (citing *Duffy v. Wolle*, 123 F.3d 1026, 1036-37 (8th Cir. 1997).

Summary judgment is required because Menefee cannot make a showing that DESI had any inclination to discriminate against men, or that DESI had an intense interest in hiring a woman. DESI began advertising for an accountant position on or about August 23, 2004.

4

(Statement of Material Facts ¶4)  On November 11, 2005, DESI made an offer of employment for the accountant position to Mr. Lisuzzo.  (Statement of Material Facts ¶6)  Mr. Lisuzzo is a man, and therefore, in the same class as Menefee.  (Statement of Material Facts ¶6)

Shortly after DESI offered the accountant position to Mr. Lisuzzo, Mr. Lisuzzo withdrew himself from the applicants seeking the accountant position.  (Statement of Material Facts ¶7)  Consequently, DESI resumed advertising for the accountant position on or about November 22, 2004.  (Statement of Material Facts ¶8)  From the resumes received, DESI selected two female and three male candidates for telephone interviews.  Bonnie Boron, a female applicant for the accountant position, was rejected before Menefee.  (Statement of Material Facts ¶14)  Thus, the final group of candidates consisted of three (3) men and one (1) woman.  *Id.*  There is no evidence showing favoritism by DESI for women over men.

DESI hired Melissa Giroux (female).  (Pl.'s Am. Compl. ¶¶13.I.B.4, 13.II.B.4, 13.III.B.4)  Ms. Giroux was hired because she was better qualified than Menefee.  Ms. Giroux had supervisory experience, whereas Menefee did not.  Ms. Giroux had excellent communications skills, whereas Menefee did not.  Ms. Giroux also had broad budge analyst experience out of a large company, whereas Menefee did not.  Ms. Giroux had different and better-suited employment experience, and therefore judged to be a better candidate for the accountant position than Menefee.  (Statement of Material Facts ¶¶10, 13, 15, 18)

Despite DESI ultimately rejecting Menefee for the accountant position, it is uncontestable that DESI had temporarily filled the same accountant position with a man, just a week before Menefee applied for the same position.  There simply cannot be any inference of reverse sex discrimination where: (1) a man was offered to be hired for the same accountant position for

5