which Menefee applied, (2) the applicant selected was undoubtedly better qualified, and (3) a woman was rejected before Menefee was ultimately rejected.

III.    **Menefee Cannot Establish a *Prima Facie* Case of Age, Race or Reverse Sex Discrimination Because The Person Hired Had Better Qualifications For The Accountant Position.**

This Court should enter summary judgment against Menefee for the additional reason that the person ultimately hired for the accountant position had better credentials than Menefee. For this additional reason, Menefee cannot satisfy the fourth element of his *prima facie* claim, that the person hired had similar or lesser qualifications.

The candidate hired, Melissa Giroux, had supervisory experience, a more progressive history of employment, internal audit experience, a broader budget experience, and a record of continuous employment – precisely the sort of employment history and background that DESI preferred and that Menefee lacked. (Statement of Material Facts ¶15). Although Menefee had more total years in the workforce than Giroux, Menefee cannot possibly establish that he had supervisory experience or a history of continuous and progressive employment. Accordingly, Menefee cannot establish a *prima facie* case of age, race, or reverse sex discrimination.

IV.    **DESI Had Valid Non-Discriminatory Reasons For Not Hiring Menefee.**

Even assuming *arguendo* that Menefee could establish a *prima facie* case of discrimination, DESI's legitimate decision not to hire Menefee based on his inferior supervisory and work experience and poor interviews with DESI management defeats his claims. After a respondent articulates a legitimate, non-discriminatory reason for its decision not to hire, then only if the claimant can show evidence that the reason was pretextual can the claimant survive a motion for summary disposition. *See Mmubango v. Leavitt,* 427 F.Supp. 2d 833, 841 (N.D. Ill.

2006); see also *Blise v. Antaramian*, 409 F.3d 861, 866 (7th Cir. 2005)(affirming entry of summary judgment in favor of employer on grounds that hiring decision was based on non-discriminatory reasons). The United States District Court for the Northern District of Illinois has "emphasized that an employer's decision to hire is pretextual when it is a lie – a phony reason meant to cover up a disallowed reason. Otherwise, an employer's decision to favor one candidate over another can be mistaken, ill-considered or foolish, [but] so long as [the employer] honestly believed those reasons, pretext has not been shown." *Mmubango*, 428 F. Supp 2d at 839 (internal quotations omitted).

DESI articulated legitimate, non-discriminatory reasons for not hiring Menefee, namely his comparatively poor communication skills at interviews with DESI, his lack of supervisory experience, and his less desirable employment history. (Statement of Material Facts ¶¶13, 15, 18) Herro states in his affidavit that:

> Giroux's background was more progressive than Menefee's. While Menefee had a long employment history, he had not moved up in the companies he worked for. Giroux had stronger internal audit experience, as well as supervisory experience. Menefee had no supervisory experience. Giroux had broader budget experience, which covered a broader scope of operations than Menefee's experience.
> (Herro Decl. ¶14; Statement of Material Facts ¶15)

Further aspects of Giroux' skills and personality made her more desirable to DESI, including: Giroux had excellent communication skills, was coming from a big company versus that of Menefee's prior employer's size and had supervised other individuals during her work history. *Id*. Again, the candidate DESI hired had recent supervisory experience covering a broad scope of accounting operations, precisely the type of experience that Menefee lacked. (Statement of Material Facts ¶15)

Mr. Herro opined that based upon his telephonic interviews and review of resumes submitted by candidates for the accountant position, Menefee was "probably the least strongest

candidate. . . his verbal communication skills were not as good as the other three." (Statement of Material Facts ¶15; Herro Decl.¶13)  Mr. Simmons was DESI's General Manager at the time Menefee interviewed for the accountant position.  (Statement of Material Facts ¶16).  DESI's decision not to hire Menefee resulted in large part from unsuccessful interviews.  (Statement of Material Facts ¶¶15, 18).  Mr. Herro and Mr. Simmons both had non-discriminatory beliefs that Menefee was least likely to be successful as an accountant at DESI.

Mr. Simmons was also in all three of the protected classes upon which Menefee bases he was allegedly discriminated; Mr. Simmons was an African-American man over the age of 50. (*See* Menefee Am. Compl. ¶13.I.B.3; Statement of Material Facts ¶16)  "[T]here can be no compelling inference of discrimination when the decision-maker is in the same protected category as the plaintiff."  *Maiter v. Harris Bankcorp., Inc.*, No. 02 C 62442, 2004 WL 419910, at *9 (N.D. Ill. 2004)(citing *Rooks v. Girl Scouts of Chicago*, No. 95 C 206, 1995 WL 562126, at *7 (N.D. Ill.1995)).  In this case, Menefee claims that DESI, through Mr. Simmons by inference, discriminated against Menefee.  There are no facts to support a theory or that realistically could support a theory that DESI was simultaneously discriminating against Menefee for being in a protected class (race) under Title VII and the ADEA and also reverse-discriminating against him for being a man.  There is no reasonable basis to infer that Mr. Simmons had any reason to discriminate against Menefee.

Menefee cannot possibly show that DESI is lying about its decision not to hire him, which was based on the combination of Menefee's lack of supervisory experience and poor communication skills, which were inferior to Giroux's broad accounting experience and supervisory experience, as well as Menefee's comparatively lackluster interviews (both on the phone with Herro and in person with Simmons). (Statement of Material Facts ¶¶10, 11, 12, 13,

8

15, 18).  The court should "not sit as a superpersonnel department where disappointed applicants or employees can have the merits of an employer's decision replayed to determine best business practices." *Blise v. Antaramian*, 409 F.3d 861, 867 (7th Cir. 2005).  DESI has met its burden of persuasion to show a legitimate, non-discriminatory reason for not offering Menefee the accountant position, and Menefee cannot meet his burden to show evidence that DESI's non-discriminatory reason was merely a pretext for discrimination.  Accordingly, this Court should grant summary judgment in favor of DESI.

**CONCLUSION**

Menefee has failed to set forth direct evidence of discrimination or establish a *prima facie* case of age, race or sex discrimination.  Menefee lacked supervisory experience and broad accounting experience the DESI desired for the accountant position, and DESI hired a more qualified candidate.  Even if Menefee were able to establish a *prima facie* case, the fact that DESI believed that Menefee had poor communication skills and had less favorable supervisory and employment experience were legitimate, non-discriminatory reasons not to hire him. Accordingly, this Court should grant summary judgment in favor of DESI.

Respectfully submitted,

**DYNAMIC EDUCATIONAL SYSTEMS, INC.**

By:   /s/ Jason M. Metnick
          One of Its Attorneys

Nancy E. Sasamoto
Jason M. Metnick
MASUDA, FUNAI, EIFERT & MITCHELL, LTD.
203 North LaSalle Street, Suite 2500
Chicago, Illinois 60601-1262
(312) 245-7500
Attorney Code No.: 90523

JM1:kam:mh
N:\SYS02\10432\Lit\6002 - Memorandum of law in support of motion for summary judgment2.doc