IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARL R. MENEFEE, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 07 CV 6396 |
| ) | |
| DYNAMIC EDUCATIONAL SYSTEMS, ) | Judge Gettleman |
| INC., ) | Magistrate Judge Schenkier |
| ) | |
| Defendant. ) | |

### DEFENDANT'S STATEMENT OF MATERIAL FACTS

Defendant Dynamic Educational Systems, Inc. ("DESI"), by and through its attorneys, Masuda, Funai, Eifert & Mitchell, Ltd., pursuant to Local Rule 56.1 of the Northern District of Illinois and Rule 56(b) of the Federal Rules of Civil Procedure, hereby submits the following Statement of Material Facts in support of its Motion for Summary Judgment:

1. Menefee is an individual domiciled in Hazel Crest, Cook County, Illinois. (Amended Complaint ¶1, Charge of Discrimination attached to Amended Complaint, at 1, attached as Ex. A)

2. DESI is a corporation with headquarters in Phoenix, Arizona, and which at all relevant times had a place of business in Chicago, Illinois. (Amended Complaint ¶2, Ex. A) DESI is in the business of providing job training and job placement services throughout the greater Chicago area. (Herro Decl. ¶1, attached as Ex. B)

3. The Amended Complaint alleges race and sex discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e et seq. and 42 U.S.C. §1981, and also alleges age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621 et seq. (Amended Complaint ¶11, Ex. A)

4. DESI began advertising for the accountant position on or about August 23, 2004. (Herro Decl. ¶3, Ex. B) DESI's advertisement for an accountant first appeared in the Chicago Tribune on August 23, 2004. (Herro Decl. ¶3, Ex. B; August Advertisement, Ex. C) DESI's advertisement for an accountant stated "Supervisory & budget preparation/variance analysis exp. a plus." (August Advertisement, Ex. C)

5. DESI, in fact, preferred to hire a candidate for the accountant position who had previous supervisory experience. (Herro Decl. ¶4, Ex. B)

6. On November 11, 2004, DESI offered the accountant position to Mr. Sam Lisuzzo. (Herro Decl. ¶5, Ex. B; Letter to Sam Lisuzzo, Ex. D) Mr. Lisuzzo was a male candidate for the accountant position who was over the age of forty (40) at the time DESI offered him the accountant position. (Herro Decl. ¶5, Ex. B; Records Report of Sam Lisuzzo, Ex. E; Lisuzzo resume, attached as Ex. F)

7. On or between the dates of November 12, 2004 and November 22, 2004, Mr. Lisuzzo withdrew himself from the candidates seeking employment for the accountant position. (Herro Decl. ¶6, Ex. B)

8. On November 22, 2004, DESI resumed advertising for the accountant position, which included placing an advertisement on internet websites. (Herro Decl. ¶7, Ex. B) DESI's advertisement stated "Must have a solid work history in accounting and finance, 4-year degree, strong communication and analytical skills, and 2 plus years experience working in Internal Audit . . . Supervisory and budget preparation/variance analysis experience a plus." (Herro Decl. ¶8, Ex. B; November Advertisement, Ex. G)

9. In November 2004, DESI received roughly 100 resumes in response to its advertisement for the accountant position. (Herro Decl. ¶9, Ex. B) In November 2004, Plaintiff applied for the position as an accountant in DESI's Chicago office. *Id.*

10. Melissa Giroux also applied for the accountant position. The resume of Melissa Giroux indicated that she had supervisory experience, increasing job responsibilities, and two years of experience performing internal audits and financial analysis. (Giroux resume, attached as Ex. H; Herro Decl. ¶14, Ex. B)

11. Plaintiff's resume indicated a long work history, but contained no supervisory history and did not demonstrate that he had taken on significant increases in job responsibilities during his career. (Menefee resume, attached as Ex. I; Herro Decl. ¶14) Plaintiff's work history also indicated that Plaintiff left a previous employer in September 2004 without securing future employment. (*Id.*)

12. Chris Herro, the Director of Finance of DESI, was responsible for screening resumes of candidates for the accountant position. (Herro Decl. ¶10, Ex. B) Mr. Herro selected Menefee as one of five candidates to interview by telephone, each of who appeared to meet the minimum qualifications for the accountant position based upon DESI's advertisement. (Herro Decl. ¶10, Ex. B)

13. Mr. Herro interviewed Plaintiff via telephone on December 2, 2004. (Herro Decl. ¶11, Ex. B) Mr. Herro's impression of Plaintiff during the telephone interview was that Plaintiff seemed flustered and did not have very good communication skills. (Herro Decl. ¶11, Ex. B) Mr. Herro did not know Plaintiff's age or race at the time of the telephone interview. (Herro Decl. ¶12, Ex. B) Mr. Herro also interviewed Ms. Giroux via telephone. (Herro Decl. ¶13, Ex.

B) Mr. Giroux demonstrated excellent communication skills during her telephone interview with Mr. Herro. (Herro Decl. ¶¶13, 14, Ex. B)

14. Mr. Herro interviewed other candidates by telephone, without regard to race, age, or sex. (Herro Decl. ¶12, Ex. B) Based upon the telephone interviews, Mr. Herro narrowed the candidates for the accountant position down to four (4) candidates: Dan Young, Art Aberman, Melissa Giroux, and Plaintiff. (Herro Decl. ¶12, Ex. B) Mr. Herro decided that candidate Bonnie Boron, a female whose age and race are unknown, should not be interviewed in person. *Id.*

15. Ms. Giroux's resume and telephone interview revealed that she had a progressive employment history, broad budget experience, and supervisory experience. (Herro Decl. ¶14, Ex. B; Ex. H) Mr. Menefee's resume and telephone interview revealed that he did not have a progressive employment history, no supervisory experience, and recently worked at a small company. (Herro Decl. ¶14, Ex. B; Ex. I) Conversely, Ms. Giroux had recently worked at a large company. (Herro Decl. ¶14, Ex. B) Mr. Herro determined that Mr. Menefee was the weakest of the four remaining candidates, and that "his verbal communication skills were not as good as the other three." (Herro Decl. ¶13, Ex. S)

16. D.E. Simmons, DESI's General Manager in November and December 2004, was ultimately responsible for deciding who to hire for the accountant position. (Herro Decl. ¶15, Ex. B) Mr. Simmons, a black male, was fifty years old in December 2004. (Amended Complaint ¶13.I.B.3.; Herro Decl. ¶15, Ex. B)

17. D.E. Simmons interviewed Plaintiff, Dan Young (male, age unknown), Art Aberman (male, age unknown), and Melissa Giroux (white, female) on between December 6,

4

2004 and December 10, 2004. (Herro Decl. ¶17, Ex. B; Ex. J) The interviews were conducted at DESI's Chicago office.

19. Based upon Mr. Simmons' interview of Plaintiff, Mr. Simmons believed that Plaintiff would not work successfully at DESI, and Melissa Giroux was more likely to be successful at DESI. Mr. Simmons did not base his decision on Plaintiff's age, sex, or race. *Id.* A pre-approval form signed by Mr. Simmons confirms that he decided to hire Ms. Giroux because she had exceptional communication skills, job knowledge, qualifications, employment history, as well as supervisory/management skills (Pre-Approval Form, Ex. K; Herro Decl. ¶19, Ex. B)

**Undisputed Facts of Procedural History**

19. Plaintiff filed a charge of discrimination with the EEOC and with the Illinois Department of Human Rights on March 24, 2005. (Ex. L) On March 29, 2006, the Department dismissed Plaintiff's Charge of Discrimination for lack of substantial evidence. (Ex. M)

20. Plaintiff filed a request for review with the Illinois Department of Human Rights on April 14, 2006. (Ex. N) The Illinois Department of Human Rights issued a Notice of Dismissal for Lack of Substantial Evidence on December 15, 2006. (Ex. O)

21. Plaintiff filed another request for review with the Illinois Department of Human Rights on December 18, 2006. (Ex. P) On July 30, 2007, the Illinois Department of Human Rights issued a final order sustaining the Department's dismissal of Plaintiff's charge of discrimination. (Ex. Q) On November 6, 2007, the EEOC adopted the findings of the Illinois Department of Human Rights and mailed a Notice of Suit Rights to Plaintiff (Ex. R)

Respectfully submitted,

**DYNAMIC EDUCATIONAL SYSTEMS, INC.**

By:   /s/ Jason M. Metnick
        One of Its Attorneys

Nancy E. Sasamoto
Jason M. Metnick
MASUDA, FUNAI, EIFERT & MITCHELL, LTD.
203 North LaSalle Street, Suite 2500
Chicago, Illinois 60601-1262
(312) 245-7500

N:\SYS02\10432\Lit\6002 - Statement of Material Facts2.doc