Charge No. 2005CA2864
Page 5

      Complainant's resume and interview notes (Group Exhibit G) indicate that he worked as an accountant from May 2000 through September 2004. They indicate that Complainant worked as an accountant contractor from March 1998 through April 2000. They indicate that Complainant was a staff auditor from November 1996 through February 1998.

7. Herro stated that Bonnie Boron (race unknown, female, age unknown), Art Aberman (white, male, age unknown) and Young (white, male, age unknown) were also not selected for the accountant position, as Giroux's interview was more successful. Herro stated that all five applicants were similarly qualified, in that they all met the education requirements and all had at least two years of experience working in accounting.

      Resume and interview notes for Young (Group Exhibit D) indicate that Young worked as an accounting manager from December 2002 through August 2004. They indicated that he worked as an Assistant Regional Controller from March 2001 through July 2002.

      Resume and interview notes for Aberman (Group Exhibit E) indicate that Aberman worked in auditing, accounting, business consulting and teaching from March 2003 through December 2004. They indicate that he worked as a senior auditor and supervisor from August 1999 through March 2003.

      Resume and interview notes for Boron (Group Exhibit N) indicate that Boron was employed as a budget manager from 2002 through 2003 and a Financial Analyst from 2001 through 2002.

C.    Rebuttal

1. Complainant stated that he reviewed his background and qualifications during the interviews with Herro and Simmons. Complainant stated that he was qualified for each element that Respondent was seeking. Complainant stated that he has a Master's Degree, which exceeds the requirements outlined by Respondent. Complainant stated that he had an extensive amount of experience in the different areas of accounting prior to applying at Respondent.

      Complainant's resume and interview notes (Group Exhibit G) indicate that Complainant got a Master's Degree in Public Administration in 2004. They indicate that he worked as an accountant or auditor since 1982.

2. Complainant stated that he believed he had a successful interview with Herro and Simmons. Complainant stated that Herro told him he would be

   forwarding his information to the Chicago office, which Complainant believed was a good sign.

3. Complainant stated that during his interview with Simmons, there was no one else at the office because they had all gone to lunch. Complainant stated that he did not fill out any forms or a job application at that time. Complainant stated that Simmons outlined what the fiscal categories were and what his job duties would be. Complainant stated that Simmons indicated that whoever was hired as the accountant would be Simmons' "right hand man" and would fill in for Simmons when he was not there.

4. Complainant stated that he was well dressed and conducted himself in a professional manner throughout his interactions with Respondent.

5. Complainant stated that if he seemed flustered during his phone interview with Herro, it was only because he was unsure of who Herro was. Complainant stated that because the interview was over the phone, he was cautious about revealing too much information about himself.

6. Complainant stated that he believes if he were a different race, he would have been hired into the position.

D. <u>Surrebuttal</u>

1. Simmons stated that he did not recall whether Complainant filled out the application packet or not. Simmons stated that normally, all the interviewees are asked to fill the application out prior to the interview, and could not recall why that practice would not have been followed with Complainant.

E. <u>Finding and Conclusion</u>

A lack of substantial evidence finding is recommended because there is insufficient evidence to indicate the defenses are untrue or pretextual, in that:

1. Respondent maintains that they screened the resumes of applicants and selected the most qualified individuals to be interviewed.

2. Respondent maintains that Complainant's qualifications met the initial requirements of the accountant position.

3. Documentation indicates that the hired candidate had supervisory experience and worked as an auditor and financial analyst during her employment history.

4. Respondent maintains that the decision not to hire Complainant was made after Complainant's interview was not as successful as other applicants.

5. Documentation indicates that there where white applicants who interviewed and were not hired for the same position that Complainant applied for.

6. It is uncontested that the person who made the decision not to hire Complainant is in Complainant's protected category.

VIII. **Allegation B:** Failure to Hire/Sex, Male

    A. Prima facie allegations

        1. Complainant's sex is male.

        2. Complainant was qualified and applied for Respondent's vacancy for an Accountant's position.

        3. On or about December 10, 2004, Complainant experienced a failure to hire from D.E. Simmons (male), Respondent's General Manager.

        4. Complainant believes that another, similarly situated, female applicant, with less qualifications and experience has been hired for the accountant vacancy.

    B. Defenses

        1. Respondent's position is that they hired an applicant who had a more successful interview than Complainant and whose qualifications were superior to Complainant's.

        2. See Allegation A, Defenses #2 through #7.

        3. Pedersen stated that prior to placing the job posting on November 22, 2004, they had placed a previous advertisement to fill the accountant position. Pedersen stated that they interviewed several candidates and selected Sam Lisuzzo (white, male, 49) to fill the accountant vacancy. Pedersen stated that Lisuzzo ultimately withdrew interest, which created the need to place an additional advertisement and interview new applicants, which they did during November and December 2004.

        Resume and interview notes for Lisuzzo (Group Exhibit B) indicate that Lisuzzo worked as a Financial Manager from August 2003 through

Charge No. 2005CA2864
Page 8

February 2004. They indicate that Lisuzzo worked as a Financial Analyst from April 2001 through August 2003. They indicate that Lisuzzo was "highly qualified for position" and had "key experience in areas of audits and reconciliation." They indicate that his recommended start date was November 15, 2004.

C. Rebuttal

1. See Allegation A, Rebuttal #1 through Rebuttal # 5.

2. Complainant stated that he believed that if he were a female, he would have been hired into the position.

D. Surrebuttal

1. See Allegation A, Surrebuttal #1.

E. Finding and Conclusion

A lack of substantial evidence finding is recommended because there is insufficient evidence to indicate the defenses are untrue or pretextual, in that:

1. Respondent maintains that they screened the resumes of applicants and selected the most qualified individuals to be interviewed.

2. Respondent maintains that Complainant's qualifications met the initial requirements of the accountant position.

3. Documentation indicates that the hired candidate had supervisory experience and worked as an auditor and financial analyst during her employment history.

4. Respondent maintains that the decision not to hire Complainant was made after Complainant's interview was not as successful as other applicants.

5. Documentation indicates that Respondent had previously selected an applicant within Complainant's protected category to fill the accountant vacancy.

6. Documentation indicates that a female applicant who interviewed was not selected for the same position that Complainant applied for.

Charge No. 2005CA2864
Page 9

7. It is uncontested that the person who made the decision not to hire Complainant is in Complainant's protected category.

IX. **Allegation C:** Failure to Hire/Age, 50

A. Prima facie allegations

1. Complainant is 50 years of age.

2. Complainant was qualified and applied for Respondent's vacancy for an Accountant's position.

3. On or about December 10, 2004, Complainant experienced a failure to hire from D.E. Simmons, Respondent's General Manager.

4. Complainant believes that another, similarly situated, under age 40 applicant, with less qualifications and experience, has been hired for the accountant vacancy.

B. Defenses

1. Respondent's position is that they hired an applicant who had a more successful interview than Complainant and whose qualifications were superior to Complainant's.

2. See Allegation A, Defense #2 through #7.

3. See Allegation B, Defense #3.

C. Rebuttal

1. See Allegation A, Rebuttal #1 through #5.

2. Complainant stated that he believes that if he were younger, he would have been hired into the accountant vacancy.

D. Surrebuttal

1. See Allegation A, Surrebuttal #1.

Charge No. 2005CA2864
Page 10

    E.    <u>Finding and Conclusion</u>

A lack of substantial evidence finding is recommended because there is insufficient evidence to indicate the defenses are untrue or pretextual, in that:

1. Respondent maintains that they screened the resumes of applicants and selected the most qualified individuals to be interviewed.

2. Respondent maintains that Complainant's qualifications met the initial requirements of the accountant position.

3. Documentation indicates that the hired candidate had supervisory experience and worked as an auditor and financial analyst during her employment history.

4. Respondent maintains that the decision not to hire Complainant was made after Complainant's interview was not as successful as other applicants.

5. Documentation indicates that Respondent had previously selected an applicant within Complainant's protected category to fill the accountant vacancy.

6. It is uncontested that the person who made the decision not to hire Complainant is in Complainant's protected category.

X.    **Witness Information**

    A.    Complainant (interview)
           3517 Birchwood Drive
           Hazel Crest, IL 60429

    B.    Chris Herro (White, Male, 46) (FFC)
           Director of Finance
           8433 N. Black Canyon Highway
           Suite 200
           Phoenix, AZ 85021
           (602) 995-3700

    C.    Kathy Pedersen (White, Female, 49) (FFC)
           Human Resources Generalist
           8433 N. Black Canyon Highway
           Suite 200
           Phoenix, AZ 85021
           (602) 995-3700

D. D.E. Simmons (Black, Male, 50) (telephone interview)
Former General Manager
4744 S. Champlain Avenue
Chicago, IL 60615
(773) 268-7434

## XI. List of Exhibits

A. List of Respondent's Chicago employees, identified by age.

B. Resume and application packet for Sam Lisuzzo.

C. Job advertisement for accountant position.

D. Resume and interview notes for Daniel Young.

E. Resume and interview notes for Arthur Aberman.

F. Resume and interview notes for Melissa Giroux.

G. Resume and interview notes for Complainant.

H. E-mails from Chris Herro to D.E. Simmons.

I. Pre-Hire Approval Form for Melissa Giroux.

J. Respondent's EEO-1 Reports.

K. Employment application form.

L. Interview agenda and questions.

M. Job description for fiscal operations manager.

N. Resume and interview notes for Bonnie Boron.