**EXHIBIT P**

STATE OF ILLINOIS
DEPARTMENT OF HUMAN RIGHTS

IN THE MATTER OF:                        )
                                         )
CARL MENEFEE,                            )
                                         )        CHARGE NO.  2005CA2864
                    COMPLAINANT,         )        EEOC NO.   21BA51640
                                         )
AND                                      )
                                         )                    DEPT. OF HUMAN RIGHTS
DYNAMIC EDUCATIONAL SYSTEMS, INC.,       )                       LEGAL DIVISION
                                         )
                    RESPONDENT.          )                      DEC 1 8 2006
                                                             RECEIVED
                                                         BY

## REQUEST FOR REVIEW

Mr. Carl R. Menefee              Mr. Jim Richmeier
3517 Birchwood Drive             Director,  Human Resources
Hazel Crest, IL  60429           Dynamic Educational Systems, Inc.
                                 8433 North Black Canyon Highway,  Suite 200
                                 Phoenix, AZ  85021


TO:    Mr. Carl R. Menefee
DATE:   December 15, 2006
REQUEST FOR REVIEW FILING DEADLINE DATE:   January 19, 2007

    I hereby request that the Department of Human Rights' (DHR) dismissal of the
charge be reviewed by the Chief Legal Counsel of the Department.

    **IN THE SPACE PROVIDED BELOW, YOU <u>MUST</u> LIST AND DESCRIBE THE SPECIFIC
REASONS THAT THE CHARGE SHOULD NOT HAVE BEEN DISMISSED. If applicable, you may
write on the back of this form or attach additional information or documents, which support your
Request for Review. You may review your investigation file, to help you prepare your request by
calling 312-814-6262 or 217-785-5100. The decision of the Chief Legal Counsel will be published on
the Department's website.**



_Carl R. Menefee, Sr._                    _12-18-06_
SIGNATURE                                  DATE

**YOU MUST ENCLOSE THE ORIGINAL AND THREE COPIES OF YOUR ENTIRE
REQUEST AND SIGN, DATE AND HAVE THIS FORM POSTMARKED OR HAND
DELIVERED BY THE FILING DEADLINE DATE ABOVE, TO:**

Chief Legal Counsel, Illinois Department of Human Rights, 100 West Randolph Street,
Suite 10-100, Chicago, IL  60601.
                                              DEPT. OF HUMAN RIGHTS
                                                  INTAKE UNIT
**THIS FORM MAY NOT BE SENT VIA TELEFAX.**
2/99                                           DEC 1 8 2006
                                                RECEIVED
                                              BY

# EXHIBIT Q

STATE OF ILLINOIS
DEPARTMENT OF HUMAN RIGHTS

IN THE MATTER OF THE          )
REQUEST FOR REVIEW BY:        )
                              )
CARL R. MENEFEE               )          CHARGE NO:  2005CA2864
                              )          EEOC NO:   21BA51640
                              )

ORDER

This matter coming before the Chief Legal Counsel upon Complainant's Request for Review ("Request") of the dismissal by the Department of Human Rights ("Department") of Charge No. 2005CA2864, Carl R. Menefee, Complainant, and Dynamic Educational Systems, Inc., Respondent; and the Chief Legal Counsel having reviewed de novo the Department's investigation file, including the Investigation Report, and Complainant's Request and supporting materials; and the Chief Legal Counsel being fully advised of the premises;

NOW, THEREFORE, it is hereby ORDERED that the Department's dismissal is SUSTAINED on the following ground:

LACK OF SUBSTANTIAL EVIDENCE

In support of which determination the Chief Legal Counsel states the following findings of fact and reasons:

1.    Complainant filed a charge of discrimination with the Department on March 24, 2005, alleging that Respondent failed to hire him because of his race, black (Count A), sex, male (Count B), and age, 50 (Count C), in violation of Section 2-102(A) of the Illinois Human Rights Act. On March 29, 2006, the Department dismissed Complainant's charge for Lack of Substantial Evidence. On April 14, 2006, Complainant filed a timely Request for Review. On October 30, 2006, the Chief Legal Counsel Designee vacated the dismissal of Complainant's charge and remanded the charge to the Department's Charge Processing Division for further investigation. On December 15, 2006, the Department again dismissed Complainant's charge for Lack of Substantial Evidence. On December 18, 2006, Complainant filed this timely Request.

2.    As to Counts A, B and C, Complainant, an Accountant, alleges that Respondent failed to hire him because of his race, sex and age. Complainant further alleges that Respondent hired a less qualified, non-black, female and younger applicant for the position.

3.    As to Counts A, B and C, Respondent's articulated non-discriminatory reason for failing to hire Complainant is that he was not the most qualified applicant for the position. In particular,

2

Respondent contends that during Complainant's interview, Complainant did not present himself well and did not demonstrate good communication skills, Complainant's career essentially was as an accountant without any record of advancement into higher supervisory or managerial positions, and Complainant left his previously employer abruptly without having secured other employment.

4.      As to Counts A, B and C, the Department's investigation did not reveal that Respondent's non-discriminatory reason for failing to hire Complainant was pretext for unlawful discrimination.  The investigation revealed that in the fall of 2004, Respondent advertised an opening for Fiscal Operations Manager.  The advertisement stated that internal audit or governmental agency experience was preferred and that supervisory and budget preparation experience was a plus.  The job description for Fiscal Operations Manager listed the requirements for the position as including a Bachelor's degree in Finance or Accounting preferred, strong knowledge of vocational training markets, at least three years experience in accounting or finance preferred, the ability to interact with private and public agencies, good communication skills, and the ability to work in stressful situations.  On November 11, 2004, Respondent offered the position to Sam Lisuzzo ("Lisuzzo") (white, male, 49 years old), but Lisuzzo declined the position.  Respondent re-advertised for the position.  Respondent's Human Resources Department screened the resumes received by Respondent and forwarded qualified candidates to Chris Herro ("Herro"), Director of Finance.  Herro interviewed five candidates over the telephone, including Complainant and Melissa Giroux ("Giroux") (white, female, 25 years old).  Herro referred four of the candidates, including Complainant and Giroux, for in-person interviews with D. E. Simmons ("Simmons"), General Manager.  Simmons interviewed all four candidates including Complainant and Giroux.  Simmons hired Giroux.

5.      As to Counts A, B and C, the investigation further revealed that Giroux had a Bachelor of Science Degree in Business Administration, two years of experience performing internal audits and financial analysis, and one year of experience as Supervisor of Accounting Services, which included supervisory experience and experience performing budget preparation analysis.  The investigation revealed that Complainant had a Bachelor of Arts degree in Accounting and a Masters' Degree in Public Administration, 17 years of experience as an accountant, three years of experience as an accountant contractor, and two years of experience as a staff auditor.  The investigation further revealed that Complainant left his previous employer in September 2004, without securing future employment.  The Department's investigation did not reveal, nor did Complainant present, any evidence that Respondent's articulated non-discriminatory reason for failing to hire Complainant is pretext for unlawful discrimination.  There is no evidence that Respondent harbored an animus towards Complainant because of his race, age or sex or that Respondent's decision not to hire Complainant was motivated by Complainant's race, sex or age.  The evidence shows that Respondent initially offered the position to Lisuzzo, who was the same sex and approximately the same age as Complainant.  There is no substantial evidence that Complainant's race, sex, or age played any role in Respondent's decision not to hire him.

6.      As to Counts A, B and C, absence evidence demonstrating pretext, qualification evidence by itself may demonstrate pretext if the disparity in qualifications is so great that no reasonable person could have selected the hired candidate over the Complainant (see Cooper v. Southern Co., 390 F.3d 695, 732 (11th Cir. 2004); or that Complainant's qualifications are "clearly superior" to the hired candidate (see Raad v. Fairbanks North Star Borough School Dist., 323

F.3d 1185, 1194 (9th Cir. 2003); or that a reasonable employer would have found Complainant to be "significantly better qualified" for the position (see Aka v. Washington Hospital Center, 156 F.3d 1284, 1294 (D.C. Cir. 1998).

7.      In the instant case, the evidence does not show that Complainant's qualifications were so superior to Giroux's qualifications that no reasonable employer would have chosen Giroux over Complainant or found that Complainant was significantly better qualified than Giroux. The evidence shows that both Complainant and Giroux met Respondent's requirement of three years experience in accounting or finance. While Complainant had many more years of experience as an accountant than Giroux, Complainant more or less remained in the same position during his entire career and did not have a record of advancement or promotion into managerial or supervisory positions. Giroux, while having been employed for a shorter time than Complainant, demonstrated an ability to advance into managerial positions by being promoted into a supervisory position after only two years of employment with her previous employer. Additionally, while Complainant had experience working for governmental agencies, Giroux, unlike Complainant, had supervisory experience, experience conducting internal audits, and experience performing budget preparations. Additionally, while Complainant had a master's degree, a master's degree was not required or preferred for the position. Thus, the qualification evidence relied upon by Complainant is insufficient to demonstrate that Respondent's reasons for hiring Giroux over Complainant are pretext for unlawful discrimination.

8.      Additionally, the evidence shows that Complainant had a gap in his employment because he left his previous employer abruptly and without securing future employment. To the contrary, Giroux was still employed at her previous employer. Respondent is in a better position to assess its hiring needs and it is inappropriate for the Department to "sit as a super-personnel department that reexamines an entity's business decision in cases where discrimination is alleged." Dale v. Chicago Tribune Company, 797 F. 2d 458 (7th Cir. 1987). In the absence of any evidence that the business consideration relied upon by a Respondent is a pretext for discrimination, it is improper for the Department to substitute its judgment for the business judgment of the employer. See Berry and State of Illinois, Department of Mental Health and Developmental Disabilities, ___ Ill. HRC Rep. ___, Charge No. 1994SA0240 (December 10, 1997). The evidence does not show that the business considerations relied upon by Respondent are pretext for unlawful discrimination. There is no substantial evidence that Respondent's articulated non-discriminatory reasons for failing to hire Complainant are pretext for unlawful discrimination.

9.      In his Request, Complainant does not provide any additional evidence which would warrant a reversal of the Department's original determination. Complainant alleges that Simmons had filed a racial charge of discrimination against Respondent with the Equal Employment Opportunity Commission and speculates that Simmons did not want to hire him because it could have affected the outcome of Simmons' charge of discrimination. However, mere speculation or conjecture does not constitute substantial evidence of discrimination. See Willis v. Illinois Department of Human Rights, et. al., 307 Ill.App.3d 317, 718 N.E.2d 240 (4th Dist. 1999). Finally, Complainant alleges that he was at a disadvantage during his interview with Simmons because Simmons received a telephone call during the middle of his interview and became distracted. Even if that is true, Complainant has not shown any nexus between

4

Respondent's failure to hire him and his race, sex or age.  Complainant's Request is unpersuasive.

10.    In sum, Complainant failed to establish, and the Department's investigation failed to show, that Respondent failed to hire him because of his race, sex, or age.

11.    This is a final Order.  A final Order may be appealed to the Appellate Court by filing a petition for review, naming 1) the Chief Legal Counsel, 2) the Department, and 3) Respondent as appellees, with the Clerk of the Appellate Court within 35 days after the date of service of this Order.  The Department deems "service" complete 5 days after mailing.


ENTERED THIS _30th_ DAY OF _____July_____, 2007.

_____
Chief Legal Counsel

STATE OF ILLINOIS       )
                              ) ss

COUNTY OF COOK       )          CHARGE NO.:  2005CA2864


## AFFIDAVIT OF SERVICE


      RUTH WILLINGHAM, being first duly sworn on oath, states that she served a copy of the attached ORDER upon each person named below this *30th* day of *July*, 2007, in the manner indicated below.

(X)     FIRST CLASS MAIL          (X)     BY HAND DELIVERY


Carl R. Menefee                        Rocco J. Claps, Director
3517 Birchwood Drive                  Department of Human Rights
Hazel Crest, IL 60429                  100 West Randolph Street
                                      Suite 10-100
                                      Chicago, IL 60601


Tim Richmeier
Manager, Human Resources
Dynamic Educational Systems, Inc.
8433 N. Black Canyon Highway
Suite 200
Phoenix, AZ 85021


                                                *Ruth Willingham*
                                                RUTH WILLINGHAM


SUBSCRIBED AND SWORN TO BEFORE ME

THIS *30th* DAY OF *July*, 2007

*Konah J. Yancy-Morgan*                                           *09/30/07*
    NOTARY PUBLIC

```
OFFICIAL SEAL
KONAH J YANCY-MORGAN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:04/13/11
```