**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

F I L E D

MAR 1 2 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

|  |  |  |
|---|---|---|
| Carl R. Menefee, Sr. | ) | |
| Plaintiff, | ) | No. 07 CV 6396 |
| v. | ) | |
| | ) | Judge Gettleman |
| Dynamic Educational Systems, Inc., | ) | Magistrate Judge Schenkier |
| | ) | |
| Defendant. | ) | <u>Jury</u> <u>Demanded</u> |

MAR 1 2 2008

## <u>PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>

Plaintiff, Carl R. Menefee, Sr. *pro se* submits this Response to Defendant's Motion for Summary Judgment and respectfully requests this Court to deny defendant's motion.

## <u>LEGAL STANDARD</u>

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P.56 (c). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The party seeking summary judgment has the burden of establishing the lack of genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In determining whether a genuine issue of material fact exists, the Court construes the facts in a light most favorable to the non-moving party and draws all reasonable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 255. The existence of a factual dispute alone is not sufficient to defeat a summary judgment motion, instead the non-moving party must present definite, competent evidence to rebut the summary judgment motion. *Butts v. Aurora Health Care, Inc.,* 387 F.3d 921, 924 (7th Cir. 2004); *see also* Fed.R.Civ.P. 56(e).

Plaintiff alleges Dynamic Educational Systems, Inc. (DESI) failed to hire him for the position of Accountant based on his gender (male), race (Black), and age (<50). Plaintiff can establish his Title VII and ADED discrimination claims by the indirect burden-shifting method under *McDonnell Douglas Corp.,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *Raymond v. Ameritech Corp.,* 442 F.3d 600, 610 (7th Cir. 2006).

Plaintiff establishes a prima facie "failure to hire," case by showing that: (1) he is a member of a protected class; (2) he applied for, and was qualified for the open position; (3) the employer rejected him for the position; and (4) the employer filled the position with a person not in the plaintiff's protected class or the position remained open. *Rudin v. Lincoln Land Cmty. Coll.,* 420 F.3d 712, 724 (7th Cir. 2005). Plaintiff can make this showing, now the burden of production shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its action. *Id.* If the employer meets this burden, the plaintiff must show that the proffered explanation is a pretext for discrimination. *Id.; see also Texas Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 256, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). The ultimate burden of demonstrating intentional discrimination always remains with the plaintiff. *St. Mary's Honor Ctr. V. Hicks,* 509 U.S. 502, 511, 113 S.Ct. 2742, 125 L.Ed2d 407 (1993).

Defendant's motion for summary judgment must be denied. Plaintiff is (1) black, male, <50 years old, (2) interviewed, and was well qualified for the position (3) employer rejected him for the position (4) the position was filled by a white, female, >40 years old. These facts pass the four prongs test of *McDonnell Douglas.* Defendant's defense is based on the fact that the person who conducted the in person interviews was in the same classes as plaintiff, this is not one of the elements of the prima facie case for intentional discrimination. Defendant filled the position with a person who was not in any of the plaintiff's protected classes. Thus, plaintiff has established *prima facie* cases.

## LEGAL ARGUMENT

**I.    Plaintiff Can Establish a *Prima Facie* Case of Age Discrimination.**

Plaintiff (1) (50 yr. Old) (2) interviewed 12/10/2004, and qualified for the accountant position (3) DESI rejected him and (4) filled the position with Ms. Giroux (25 yr. Old), plaintiff has met all four prongs, thus establishing a *prima facie* case for unlawful *Age* discrimination. *McDonnell Douglas Corp.*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668.

Defendant's claim that they offered the Accountant position to Mr. Sam A. Lisuzzo (49 yr. Old) is a pretext to conceal unlawful age discrimination. (Rcrds Rprt, Ex. E) Lisuzzo not one of the candidates on Chris Herro's December 3, 2004, memo to D.E. Simmons. (Plntf. Ex. A) Lisuzzo not on Sherrie Miles interview schedule. (Plntf. Ex. B) *See,* DESI job description for a Fiscal Operational Manager. (Plntf. Ex. C) On October 19, 2004, Lisuzzo applied for the Fiscal Operational Manager position (Plntf. Ex. D) On November 10, 2004, Lisuzzo's Experian credit report revealed Bankruptcy Chapter 7 file. (Plntf. Ex. E) "Withdrew Interest," is written on Lisuzzo's Medical Express Corp. Education Verification form. (Plntf. Ex. F) Draft copy and unsigned letter is inadequate to establish bestowing the accountant position to Lisuzzo. (Plntf. Ex. G) Defendant presented no evidence the accountant position was temporarily filled by (49 yr. Old) individual. Defendant's misrepresentations and accusations of the facts that relate to Lisuzzo are a pretext for *Age* discrimination. *Rudin v. Lincoln Land Cmty. Coll.*, 420 F.3d 712. *Texas Dep't of Cmty. Affairs v. Burdine*, 450 US 248, 256. *St. Mary's Honor Ctr. V. Hicks*, 509 US 502, 511.

The accountant position was filled by a person not in the plaintiff's protected classes. (Plntf. Ex. H) Ms. Giroux (25 yr. old) had a Bachelor of Science Degree in Business Administration, two years of experience performing internal audits and financial analysis, and one year experience as supervisor of accounting services and experience performing budget preparation analysis. *Id.* Plaintiff had a Bachelors of Arts in Accounting and Masters' Degree in Public Administration, 17 years of experience as an accountant, three years of experience as an accountant contractor, and two years of experience as a staff auditor. *Id.* Plaintiff's resume states, "Supervise the processing of revenue receipts and purchase payments." (Plntf. Ex. I)

Defendant's argument that Plaintiff lacked supervisory experience and broad accounting experience are pretext for unlawful *Age* discrimination. *Rudin v. Lincoln Land Cmty. Coll.,* 420 F.3d 712. *Texas Dep't of Cmty. Affairs v. Burdine,* 450 US 248, 256. *St. Mary's Honor Ctr. V. Hicks,* 509 US 502, 511.

Ms. Giroux was interviewed on December 8, 2004, and her Interview Summary/ Pre-Hire Approval Form was faxed from, DESI Chicago Corporate on December 9, 2004. (Plntf. Ex. J) Written on the top right hand corner of Ms. Giroux's Interview Agenda & Questions sheet is, "She was hired 1/17/05 start date." (Plntf. Ex. K) Plaintiff was interviewed on December 10, 2004. (Plntf. Ex. B) Simmons doodled on the top right hand corner of plaintiff's Interview Agenda & Questions sheet, and intentionally did not allow the plaintiff the opportunity to complete an application packet, and behaved unprofessional during the interview. (Plntf. Ex. L) Herro's December 3, 2004, memo stated to Simmons that Giroux would follow their lead and directions without question, but the responsibility level would be a big step-up. (Plntf. Ex. A) On February 7, 2005, Simmons was discharged from DESI. (Plntf. Ex. M) Simmons's creditability became an issue after Simmons said DESI had centers at sites that did not match those listed on the back of his business card. (Plntf. Ex. N) Simmons hired Ms. Giroux in advance of plaintiff's interview, then fabricated poor communication skills as the reason for the failure to hire him. Simmon's actions constitutes a pretext for unlawful *Age* discrimination. *Rudin v. Lincoln Land Cmty. Coll.,* 420 F.3d 712. *Texas Dep't of Cmty. Affairs v. Burdine,* 450 US 248, 256. *St. Mary's Honor Ctr. V. Hicks,* 509 US 502, 511.

## II.    Plaintiff Can Establish a *Prima Facie* Case of Sex Discrimination.

Plaintiff (1) (Male) (2) interviewed 12/10/2004, and qualified for the accountant position (3) DESI rejected him and (4) filled the position with Ms. Giroux (Female), plaintiff has met all four prongs, thus establishing a *prima facie* case for unlawful *Sex* discrimination. *McDonnell Douglas Corp.,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668.

Defendant's claim that they offered the Accountant position to Mr. Sam A. Lisuzzo (Male) is a pretext to conceal unlawful sex discrimination. (Rcrds Rprt, Ex. E) Lisuzzo not one of the candidates on Chris Herro's December 3, 2004, memo to D.E. Simmons. (Plntf. Ex. A) Lisuzzo not on Sherrie Miles interview schedule. (Plntf. Ex. B) *See,* DESI job description for a

Fiscal Operational Manager. (Plntf. Ex. C) On October 19, 2004, Lisuzzo applied for the Fiscal Operational Manager position (Plntf. Ex. D) On November 10, 2004, Lisuzzo's Experian credit report revealed Bankruptcy Chapter 7 file. (Plntf. Ex. E) "Withdrew Interest," is written on Lisuzzo's Medical Express Corp. Education Verification form. (Plntf. Ex. F) Draft copy and unsigned letter is inadequate to establish bestowing the accountant position to Lisuzzo. (Plntf. Ex. G) Defendant presented no evidence the accountant position was temporarily filled by a Man. Defendant's misrepresentations and accusations of the facts that relate to Lisuzzo are a pretext for *Sex* discrimination. *Rudin v. Lincoln Land Cmty. Coll.,* 420 F.3d 712. *Texas Dep't of Cmty. Affairs v. Burdine,* 450 US 248, 256. *St. Mary's Honor Ctr. V. Hicks,* 509 US 502, 511.

The accountant position was filled by a person not in the plaintiff's protected classes. (Plntf. Ex. H) Ms. Giroux (female) had a Bachelor of Science Degree in Business Administration, two years of experience performing internal audits and financial analysis, and one year experience as supervisor of accounting services and experience performing budget preparation analysis. *Id.* Plaintiff had a Bachelors of Arts in Accounting and Masters' Degree in Public Administration, 17 years of experience as an accountant, three years of experience as an accountant contractor, and two years of experience as a staff auditor. *Id.* Plaintiff's resume states, "Supervise the processing of revenue receipts and purchase payments." (Plntf. Ex. I) Defendant's argument that Plaintiff lacked supervisory experience and broad accounting experience are a pretext for unlawful *Sex* discrimination. *Rudin v. Lincoln Land Cmty. Coll.,* 420 F.3d 712. *Texas Dep't of Cmty. Affairs v. Burdine,* 450 US 248, 256. *St. Mary's Honor Ctr. V. Hicks,* 509 US 502, 511.

Ms. Giroux was interviewed on December 8, 2004, and her Interview Summary/ Pre-Hire Approval Form was faxed from, DESI Chicago Corporate on December 9, 2004. (Plntf. Ex. J) Written on the top right hand corner of Ms. Giroux's Interview Agenda & Questions sheet is, "She was hired 1/17/05 start date." (Plntf. Ex. K) Plaintiff was interviewed on December 10, 2004. (Plntf. Ex. B) Simmons doodled on the top right hand corner of plaintiff's Interview Agenda & Questions sheet, and intentionally did not allow the plaintiff the opportunity to complete an application packet, and behaved unprofessional during the interview. (Plntf. Ex. L) Herro's December 3, 2004, memo stated to Simmons that Giroux would follow their lead and directions without question, but the responsibility level would be a

big step-up. (Plntf. Ex. A) On February 7, 2005, Simmons was discharged from DESI. (Plntf. Ex. M) Simmons's creditability became an issue after Simmons said DESI had centers at sites that did not match those listed on the back of his business card. (Plntf. Ex. N) Simmons hired Ms. Giroux in advance of plaintiff's interview, then fabricated poor communication skills as the reason for the failure to hire him. Simmon's actions constitutes a pretext for unlawful *Sex* discrimination. *Rudin v. Lincoln Land Cmty. Coll.,* 420 F.3d 712. *Texas Dep't of Cmty. Affairs v. Burdine,* 450 US 248, 256. *St. Mary's Honor Ctr. V. Hicks,* 509 US 502, 511.

### III.    Plaintiff Can Establish a *Prima Facie* Case of Race Discrimination.

Plaintiff (1) (Black) (2) interviewed on December 12, 2004, and qualified for the accountant position (3) DESI rejected him and (4) filled the position with Ms. Giroux (White), plaintiff has met all four prongs, thus establishing a *prima facie* case for unlawful *Race* discrimination. *McDonnell Douglas Corp.,* 411 US 792, 93 S.Ct. 1817, 36 L.Ed.2d 668.

Defendant's claim that they offered the Accountant position to Mr. Sam A. Lisuzzo (White) is a pretext to conceal unlawful race discrimination. (Rcrds Rprt, Ex. E) Lisuzzo not one of the candidates on Chris Herro's December 3, 2004, memo to D.E. Simmons. (Plntf. Ex. A) Lisuzzo not on Sherrie Miles interview schedule. (Plntf. Ex. B) *See,* DESI job description for a Fiscal Operational Manager. (Plntf. Ex. C) On October 19, 2004, Lisuzzo applied for the Fiscal Operational Manager position (Plntf. Ex. D) On November 10, 2004, Lisuzzo's Experian credit report revealed Bankruptcy Chapter 7 file. (Plntf. Ex. E) "Withdrew Interest," is written on Lisuzzo's Medical Express Corp. Education Verification form. (Plntf. Ex. F) Draft copy and unsigned letter is inadequate to establish bestowing the accountant position to Lisuzzo. (Plntf. Ex. G) Defendant presented no evidence the accountant position was temporarily filled by a Black individual. Defendant's misrepresentations and accusations of the facts that relate to Lisuzzo are a pretext for *Race* discrimination. *Rudin v. Lincoln Land Cmty. Coll.,* 420 F.3d 712. *Texas Dep't of Cmty. Affairs v. Burdine,* 450 US 248, 256. *St. Mary's Honor Ctr. V. Hicks,* 509 US 502, 511.

The accountant position was filled by a person not in the plaintiff's protected classes. (Plntf. Ex. H) Ms. Giroux (white) had a Bachelor of Science Degree in Business Administration, two years of experience performing internal audits and financial analysis, and

one year experience as supervisor of accounting services and experience performing budget preparation analysis. *Id.* Plaintiff (black) had a Bachelors of Arts in Accounting and Masters' Degree in Public Administration, 17 years of experience as an accountant, three years of experience as an accountant contractor, and two years of experience as a staff auditor. *Id.* Plaintiff's resume states, "Supervise the processing of revenue receipts and purchase payments." (Plntf. Ex. I) Defendant's argument that Plaintiff lacked supervisory experience and broad accounting experience are pretexts for unlawful *Race* discrimination. *Rudin v. Lincoln Land Cmty. Coll.,* 420 F.3d 712. *Texas Dep't of Cmty. Affairs v. Burdine,* 450 US 248, 256. *St. Mary's Honor Ctr. V. Hicks,* 509 US 502, 511.

　　　　Ms. Giroux was interviewed on December 8, 2004, and her Interview Summary/ Pre-Hire Approval Form was faxed from, DESI Chicago Corporate on December 9, 2004. (Plntf. Ex. J) Written on the top right hand corner of Ms. Giroux's Interview Agenda & Questions sheet is, "She was hired 1/17/05 start date." (Plntf. Ex. K) Plaintiff was interviewed on December 10, 2004. (Plntf. Ex. B) Simmons doodled on the top right hand corner of plaintiff's Interview Agenda & Questions sheet, and intentionally did not allow the plaintiff the opportunity to complete an application packet, and behaved unprofessional during the interview. (Plntf. Ex. L) Herro's December 3, 2004, memo stated to Simmons that Giroux would follow their lead and directions without question, but the responsibility level would be a big step-up. (Plntf. Ex. A) On February 7, 2005, Simmons was discharged from DESI. (Plntf. Ex. M) Simmons's creditability became an issue after Simmons said DESI had centers at sites that did not match those listed on the back of his business card. (Plntf. Ex. N) Simmons hired Ms. Giroux in advance of plaintiff's interview, then fabricated poor communication skills as the reason for the failure to hire him. Simmon's actions constitutes a pretext for unlawful *Race* discrimination. *Rudin v. Lincoln Land Cmty. Coll.,* 420 F.3d 712. *Texas Dep't of Cmty. Affairs v. Burdine,* 450 US 248, 256. *St. Mary's Honor Ctr. V. Hicks,* 509 US 502, 511.

## CONCLUSION

WHEREFORE, due to the preceding genuine issues of material facts raised, plaintiff prays that defendant's motion for summary judgment be denied.


Carl R. Menefee, Sr.
Carl R. Menefee, Sr. *Pro Se*


3517 Birchwood Drive
Hazel Crest, IL 60429

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

Carl R. Menefee, Sr.                          )
                              Plaintiff,       )
                                               )
v.                                             )       Case No. 07C6396
                                               )       Judge Gettleman
Dynamic Educational Systems, Inc.              )       Magistrate Judge Schenkier
an Exodyne Company                             )
                              Defendant.       )

### CERTIFICATE OF SERVICE

TO:   Nancy E. Sasamoto
      Masuda, Funai, Eifert & Mitchell, LTD
      203 N. LaSalle St., Suite 2500
      Chicago, IL 60601


      I, the undersigned plaintiff, certify that on <u>12</u> day of <u>March</u>, <u>2008</u>, I severed a copy of

this **Plaintiff's Response To Defendant's Motion For Summary Judgment** to the person

whom it is directed by way of U.S. mail.



*Carl R. Menefee Sr.*
      Carl R. Menefee, Sr.                              <u>03-12-08</u>
                                                              Date

3517 Birchwood Drive
Hazel Crest IL 60429
708.335.0238

# EXHIBIT E

# desí  Dynamic Educational Systems, Inc.
an Exodyne Company

## Applicant Data Record

Dynamic Educational Systems, Inc. is subject to the rules and regulations of Executive Order 11246 which requires the company to assure and promote equal opportunity for all persons without regard to race, color, religion, sex or national origin, Section 402 of the Vietnam Era Veterans Readjustment Assistance Act of 1974, and Section 503 of the Rehabilitation Act of 1973 requires the company to take affirmative action to employ and advance in employment qualified disabled veterans of the Vietnam Era and handicapped individuals.  The government requires the company to collect data on race, sex, ethnic classifications, disability, disabled veterans and Vietnam Era veterans for purposes of determining the impact of our employment procedures.

This self-identification form will be kept separately from your application and will not be a basis for employment decisions.

Your response is voluntary, and the information obtained through this questionnaire shall be kept confidential.

Please sign and date below to indicate you have read the above paragraphs.

Signature: _Sam Lisuzzo_          Date: _10/19/04_

Name (please print): _SAM A. LISUZZO_

Position Applied for: _Fiscal Operations_

Referral Source: ☒ Advertisement  ☐ Friend  ☐ Relative  ☐ Walk In  ☐ Employment Agency  ☐ Other

---

Government agencies require periodic reports on the sex, ethnicity, disability and veteran status of applicants. This data is for analysis and affirmative action only.

**GENDER**
☒ Male     ☐ Female

**VETERAN**
☐ Yes  ☒ No
Disabled?  ☐ Yes  ☐ No
Conflict? _____

**DISABILITY**
☐ Yes  ☒ No

**ETHNIC CLASSIFICATION**
☐ American Indian or Alaskan Native
☐ Asian
☐ Black or African American
☐ Hispanic or Latino (all races)
☐ Native Hawaiian or Other Pacific Islander
☒ White

Applicant Signature: _Sam Lisuzzo_

Criminal Record Results
Counties Searched: IL - * Statewide *
Search Status: Completed (CLEAR)
# Years Searched: 7
Reporting Period: 11/15/1997 - 11/15/2004

Report Reference #: MED-1111-66MM9K
Date Requested: 11/11/2004
Date Completed: 11/15/2004

Medical Express Corp. - Requested by: Lisa D Anderson - Phone #: 904-281-9723

| Subject Information: | Social Security #: ███████ | Race: |
|---|---|---|
| Name: SAM LISUZZO | Birth Date: 08/11/1955 | Gender: |

No record found

Clear Investigative Advantage (CIA), LLC provides clients with the most accurate and up-to-date information available.
Whenever possible, CIA retrieves information directly from the courthouses. However, CIA cannot guarantee the
accuracy of court-maintained records and statewide database searches. Therefore, CIA cannot be held liable for any
misinterpretations or errors in reported data. CIA will not be responsible for any errors or omissions produced by
secondary dissemination of this data and in no event will be held liable to a subscriber. Instant database searches may
contain record information that falls outside the reporting guidelines of the Fair Credit Reporting Act, which may include
non-conviction cases prior to 11/15/1997. CIA will not be held liable for employment decisions based on any reported
data.

**Chris Herro**

| | |
|---|---|
| **From:** | Chris Herro [chris.herro@exodyne.com] |
| **Sent:** | Friday, December 03, 2004 8:39 AM |
| **To:** | 'D.E. Simmons' |
| **Cc:** | (kathy.pedersen@exodyne.com); Mark Douglass (Mark.Douglass@exodyne.com) |
| **Subject:** | More candidates for open Finance position |
| **Importance:** | High |
| **Attachments:** | Resume for the Accounting Position Per Phone Converstions Today; FW: Melissa Giroux Resume/Salary History; Melissa Giroux Performance Appraisal; CareerBuilder Job Application |

D. E. :

In addition to Dan Young's resume sent to you yesterday, attached are resumes for three other individuals that I interviewed over the phone and may good candidates for the open finance position in Chicago. In my opinion, each candidate has a unique strengths:

- Art Aberman - probably the strongest of the three candidates. He's currently running his own business and seems very sharp on the phone. He's looking for more reliable, steady income than he's now making on his own. When questioned, he said the $45-55k range was agreeable to him. Might have the entrepreneurial energy/awareness and self-initiative we need for the job. But will some of the more mundane, monthly/routine aspects of the job be appealing to him? He says it is right "up his alley" and he'd enjoy the work...we'll need to pursue this further. He's faxed over some references/letters of recommendation that I'll fax over to you.

- Melissa Giroux - she seems very bright and she probably has the most "upside" of the four candidates. Also, of the four, I think she would be the most receptive to following our lead and following directions explicitly. Downside is that this would probably be a big step up in responsibility level, although I think the core competencies are there and would probably show through if given the opportunity. Currently makes $49k. Also attached is her last performance evaluation.

- Carl Menefee - probably the least strongest candidate of the four, but his long tenure working for the City of Chicago is too hard to ignore. Has an advanced degree, but his verbal communication skills were not as good as the other three. Was making $53k / year and is looking for similar pay.

Let me know if you have any questions and your impressions of the three candidates after you've met with them face-to-face. Thanks.

Chris


PLAINTIFF'S EXHIBIT
A

## Sherrie Miles

**From:** Sherrie Miles [smiles@desiatchicago.com]
**Sent:** Monday, December 06, 2004 2:40 PM
**To:** desimmons@desiatchicago.com
**Subject:** scheduling interviews

Good Afternoon-

I'm in the process of scheduling interviews for the fiscal manager/account position.

Monday
Interviewed @ 10.00    ← *Daniel Young*

Tuesday
Looks like no time

Wednesday
Only afternoon looks free    *o/c  10 AM Melissa Givoux ✗*

Thursday
Luncheon 2 11:00am    *o/c*
Would you like 10:00am or (1:00pm)    *✓ o/c  Arthur Aberman*

Friday
Senior staff meeting
Afternoon looks better  *✓ o/c  (1pm) Our R. Menefee S,?,*

Next week Mr. Stout and Mr. Douglass will be here, did you want me to schedule appointments on those days?

Thanks
Sherrie Miles

*12/6/04*

*Please ✓
Comment.*

*Thanks*

PLAINTIFF'S EXHIBIT
B

12/6/2004

**Sherrie Miles**

| | |
|---|---|
| **From:** | Sherrie Miles [smiles@desiatchicago.com] |
| **Sent:** | Tuesday, December 07, 2004 10:40 AM |
| **To:** | desimmons@desiatchicago.com |
| **Subject:** | RE: scheduling interviews |

-----Original Message-----
**From:** Sherrie Miles [mailto:smiles@desiatchicago.com]
**Sent:** Monday, December 06, 2004 2:40 PM
**To:** desimmons@desiatchicago.com
**Subject:** scheduled interviews

Good Afternoon-

I'm in the process of scheduling interviews for the fiscal manager/account position.

Monday
Interviewed @ 10.00 Daniel Young

Tuesday
Looks like no time

Wednesday
Open

Thursday
10:00am Melissa Giroux
11:00am Luncheon
    1:00pm Arthur Aberman

Friday
Senior staff meeting 8:00am
1:00pm Carl Menefee

Thanks
Sherrie Miles

12/7/2004

Proposal 3485

**ATTACHMENT 3:**

# JOB DESCRIPTIONS

| | |
|---|---|
| Position Title: | Department: |
| **Fiscal Operations Manager** | |
| Classification: | Approved by: |

Reporting Relationships

Position reports to: **Division Director**

Positions Supervised:

## Position Purpose:

Performs contractual and accounting duties and executes special assignments in management or administrative areas with minimum direct supervision and in a manner designed to provide manager maximum time for accomplishment of major objectives in his/her assignments. Compiles financial data, facts, figures, and information in the preparation of detailed accounting records and operating statements required by the client.

## Essential Functions and Basic Duties

1. Examines correspondence, memos, directives, materials, etc., received, initiating relevant action or replies when possible and permissible, or referring to supervisor for action along with pertinent information available. Records and transcribes dictation and meeting minutes (if required).
2. Compiles and types reports, statistical data, forms, etc.
3. Oversees the establishment and proper maintenance of an effective repository system for filing of paperwork, supplies, and other sources of information or items of record.
4. Compiles financial data, facts, figures, and information to prepare detailed account records, subsidiary ledgers and monthly operating statements as required by the program contract.
5. Prepares monthly invoice to request funds for program.
6. Analyzes accounts and monthly financial statements.
7. Prepares monthly actual versus budget variance reports.
8. Prepares various internal management reports.
9. Prepares and submits accounts payable transmittals to DESI corporate.
10. Performs other duties as assigned.

## PERFORMANCE MEASUREMENTS

1. Collections functions are effectively and efficiently performed in accordance with established Company polices, procedures, and related legal requirements.
2. Delinquent and problem data reports are closely monitored, reviewed, addressed, and resolved. Appropriate and timely collection actions are undertaken. Collections goals are met or exceeded. Delinquency costs are minimized.
3. Establishes and maintains professional business relations with related agencies, organizations, and institutions. Clients are appropriately assisted in resolving their problems. The Company is professionally represented in all business and legal matters.
4. Effective assistance is provided in the administration of the Collections Department. Suggestions for improved efficiency are provided.
5. Required documentation, reports, and records are complete, accurate, and timely. Management is appropriately informed of area activities and of any significant problems.
6. Good coordination and working relations exist with Company personnel. Assistance is provided as needed.



PLAINTIFF'S EXHIBIT C

*Disclosure of proposal data on this sheet is prohibited without Dynamic Educational Systems, Inc.'s express permission.*

**Attachment 3 – Page 9**

Proposal 3485

**ATTACHMENT 3:**

# JOB DESCRIPTIONS

## Qualifications

Education/Certification: ... Bachelors degree in Finance or Accounting preferred or four years of schoolings in accounting and/or finance.

Required Knowledge: ....... Strong knowledge of vocational training markets.

Experience Required: ....... Three or more years of experience in an accounting and/or finance position preferred or strong education background in finance and/or accounting.

Skills/Abilities: ................. Ability to establish a liaison and interact with private and public agencies.

Ability to assist others.

Good communication abilities.

Ability to work well in stressful situations.

Well organized.

PC knowledge.

## Physical Activities and Requirements of this Position

Finger Dexterity: ............. Using just the fingers to make small movements such as typing, picking up small objects, or pinching fingers together.

Talking: ........................... Where one must frequently convey detailed or important instructions or ideas accurately, loudly, or quickly.

Average Hearing: ............. Ability to hear average or normal conversations and receive ordinary information.

Repetitive Motions: .......... Movements frequently and regularly required using the wrists, hands, and/or fingers.

Average Visual Abilities: .. Average, ordinary, visual acuity necessary to prepare or inspect documents or products, or operate machinery.

Physical Strength: ............. Sedentary work; sitting most of the time. Exerts up to 10 lbs. of force occasionally. (Almost all office jobs.)

## Working Conditions

None: ................................. No hazardous or significantly unpleasant conditions (such as in a typical office).

## Mental Activities and Requirements of this Position

Reasoning Ability: ............ Ability to deal with a variety of variables under only limited standardization.
....................................... Ability to interpret various instructions.

Mathematics Ability: ........ Ability to perform basic math skills, use decimals to compute ratios and percents, and to draw and interpret graphs.

Language Ability: ............. Ability to read a variety of books, magazines, instruction manuals, atlases, and encyclopedias.

Ability to prepare memos, reports, and essays using proper punctuation, spelling, and grammar.

Ability to communicate distinctly with appropriate pauses and emphasis; correct punctuation (or sign equivalent) and variation in word order; using present, perfect, and future tenses.

*Disclosure of proposal data on this sheet is prohibited without Dynamic Educational Systems, Inc.'s express permission.*

**Attachment 3 – Page 10**



# desi Dynamic Educational Systems, Inc.
### an Exodyne Company

## Application for Employment

Date of Application __10 - 19 - 04__

Position Applied For __Fiscal Operations__

Referral Source __Tribune__

| | |
|---|---|
| **Equal Opportunity Employer** | |
| Dynamic Educational Systems, Inc. has a Drug-Free Workplace Policy | |

Name __SAM ALISUZZO__

Address __2916 N Broadway #3__
__Chicago, Il 60659__

Social Security Number _____

Telephone Number __773-528-5263__

Date Available __Immed.__

| Education | Name and Location of School | Number of Years Completed | Did You Graduate? | Subjects Studied |
|---|---|---|---|---|
| High School | Grant Township Il Grant Community | 4 | yes | college prep |
| College or University | Eastern Ill. Univ. | 4 | yes | BS accounting |
| Graduate School | | | | |
| Business or Trade School | | | | |

Please provide any additional information that you feel may be helpful to us in considering your application (Memberships [exclude, if you wish, those that may disclose your race, color, region or national origin], hobbies, volunteer work, etc).

Please answer the following questions:

1. Are you over 18 years of age? ☑Yes ☐ No  If not, employment is subject to verification of minimum legal age.

2. Have you been convicted of a felony in the last 10 years? ☐ Yes ☑No  If yes, when, where, and what disposition of the case?

3. Can you perform the essential functions of the position for which you are applying? ☑Yes ☐ No

   Will you need an accommodation to perform these functions? ☐ Yes ☑No

4. Can you show proof of employment eligibility? ☑ Yes ☐ No

---

*References*: Please list the name, address and telephone number of three references who are not related to you and are not previous employers:

Jon Phillips    773-525-1862

Tony Westin    773-528-5263

Kevt Kies...    773 - 528 - 9301

PLAINTIFF'S EXHIBIT D

# desi Dynamic Educational Systems, Inc.
### an Exodyne Company

## Application for Employment

**EMPLOYMENT** (Start with most recent employer)

| | |
|---|---|
| Employer | Tetra Tech EM I |
| Address | 200 E Randolph Suite 4700 |
| Job Title | Sr. Man. Gov't Programs |
| Supervisor | My Title was Financial Manager Tom Kouris - |
| Telephone Number | 312 946-6437 |
| Dates Employed | 8/25/03 - 2/25/04 |
| Salary | 45,000 |
| Reason for Leaving | Salary only - not enough project dollars |

| | |
|---|---|
| Employer | Metropolitan Family Services |
| Address | 19 E ___ Jackson |
| Job Title | Financial Analyst |
| Supervisor | Denis Hurley - Talked to Stephanie & Randall first |
| Telephone Number | 312 - 986 - 4268 |
| Dates Employed | 4/01 to 8-25-03 |
| Salary | 43,500 |
| Reason for Leaving | Downsizing |

| | |
|---|---|
| Employer | Jeff Ide Studios |
| Address | 509 Amsterdam Ave Suite NY, NY |
| Job Title | Assistant Controller |
| Supervisor | Mr. Jeff Ide - |
| Telephone Number | 212-580-4371 |
| Dates Employed | 1/95 - 2/01 |
| Salary | 42,000 |
| Reason for Leaving | Family Tragedy brought me back to Chicago |

Provide description of duties performed, and list special skills or qualifications acquired during your employment:

I Know gov't contracts, budgets & billing quite extensive, Chicago

May we contact your current employer? ☐ Yes ☐ No  currently not employed

**MILITARY/DoD SERVICE**

Branch/Agency _____

Date of Separation _____

Rank or Grade and Step at Separation _____

## AGREEMENT

The information provided in this Application for Employment is true, correct, and complete. If employed, any misstatements or omission of fact on this application, résumé, or related employment forms may result in my dismissal.

I understand acceptance of an offer of employment does not create a contractual obligation upon Dynamic Educational Systems, Inc., or me to continue the employment relationship and the relationship is "at will" and may be terminated at any time by either Dynamic Educational Systems, Inc., or me, for any reason not expressly prohibited by law.

If Dynamic Educational Systems, Inc., decides to engage an investigative consumer reporting agency to report on my credit and personal history, I authorize them to do so. If a report is obtained, Dynamic Educational Systems, Inc., must provide, at my written request, the name and address of the agency so I may obtain from them the nature and substance of the information contained in the report.

Your opportunity for employment with Dynamic Educational Systems, Inc., will be based on your merit, passing a pre-employ drug screen, providing documents demonstrating identity and authorization to work in the United States of America, and, if requested, execution of a Dynamic Educational Systems, Inc. Conflict of Interests Agreement and Invention and Secrecy Agreement.

Thank you for completing this application form and for your interest in employment with us.

Signature _____  Date 10/9/04

**desi** **Dynamic Educational Systems, Inc.**
═══════════ an Exodyne Company ═══════════

Applicant Data Record

Dynamic Educational Systems, Inc. is subject to the rules and regulations of Executive Order 11246 which requires the company to assure and promote equal opportunity for all persons without regard to race, color, religion, sex or national origin, Section 402 of the Vietnam Era Veterans Readjustment Assistance Act of 1974, and Section 503 of the Rehabilitation Act of 1973 requires the company to take affirmative action to employ and advance in employment qualified disabled veterans of the Vietnam Era and handicapped individuals. The government requires the company to collect data on race, sex, ethnic classifications, disability, disabled veterans and Vietnam Era veterans for purposes of determining the impact of our employment procedures.

This self-identification form will be kept separately from your application and will not be a basis for employment decisions.

Your response is voluntary, and the information obtained through this questionnaire shall be kept confidential.

Please sign and date below to indicate you have read the above paragraphs.

Signature: _Sam Lisuzzo_          Date: _10/19/04_

Name (please print): _SAM A. LISUZZO_

Position Applied for: _Fiscal Operations_

Referral Source: ☒Advertisement ☐Friend ☐Relative ☐Walk In ☐ Employment Agency ☐Other

Government agencies require periodic reports on the sex, ethnicity, disability and veteran status of applicants. This data is for analysis and affirmative action only.

**GENDER**
☒ Male      ☐ Female

**VETERAN**
☐ Yes  ☒ No
Disabled? ☐ Yes ☐ No
Conflict? _____

**DISABILITY**
☐ Yes  ☒ No

**ETHNIC CLASSIFICATION**

☐   American Indian or Alaskan Native
☐   Asian
☐   Black or African American
☐   Hispanic or Latino (all races)
☐   Native Hawaiian or Other Pacific Islander
☒   White

Applicant Signature: _Sam Lisuzzo_

**desi** Dynamic Educational Systems, Inc.
*an Exodyne Company*

## Background
## Investigation Consent/Release

I hereby consent to a background investigation as shall be determined/required by Dynamic Educational Systems, Inc. (the "Company") for employment purposes.

I hereby authorize the Company to contact any and all corporations, former employers, credit agencies, educational institutions, law enforcement agencies, city, state, county, and federal agencies or courts, and military services to release information about my background including but not limited to, information about employment, education, consumer credit history, driving record, criminal record and general public records.

I further agree to and hereby authorize the release of the result of said investigations to the Company or authorized agent of the Company.

I release from all liability all persons, companies, agencies, or schools supplying such information. I indemnify the Company against any liability, which may result from making such requests. This release shall remain in effect for the length of any employment with the Company and I further agree a reproduced copy of this consent and release form shall have the same force and effect as the original.

Consistent with applicable state statutes, the company will provide a copy of the consumer reports obtained and a written description of my rights under the Fair Credit Reporting Act.

I believe to the best of my knowledge that all information I have provided is accurate, true, and correct and that I have carefully read the foregoing and fully understand its contents.

Name: _SAM LISUZZO_          SS#: _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_

Signature: _Sam Lisuzzo_          Date: _10/15/04_

---

To be completed by Company personnel after an offer of employment has been extended.

Degree: _____          Date Received: _____

DL #: _____          Issuing State: _____

Date of Birth: _____          Maiden Name: _____

**desi** Dynamic Educational Systems, Inc.
an Exodyne Company

### Drug/Alcohol Test Consent/Release

I hereby consent to submit to urinalysis and/or other tests as shall be determined/required by Dynamic Educational Systems, Inc. (the "Company") for the purpose of determining any drug and/or alcohol content thereof.

I agree that a Company designated certified lab or other collection site may collect these specimens for these tests and may test them or forward them for analysis to a certified testing laboratory designated by the Company.

I further agree to and hereby authorize the release of the results of said tests to an authorized medical review officer (MRO), the Company, or authorized agent of the Company.

I understand that it is the current, illegal use of drugs and/or abuse of alcohol that would prohibit me from being employed at this Company. Applicants for employment will be tested for the use of illegal drugs, whereas employees can be tested for the use of illegal drugs and alcohol.

I further agree to hold harmless the Company and its agents (the company designated laboratory and the collection site) from any liability arising in whole or part out of the collection of specimens, testing, and use of the information from said testing in connection with the Company's consideration of my employment, or my employment application if a candidate for employment.

I further agree a reproduced copy of this consent and release form shall have the same force and effect as the original.

I further understand that if my performance indicates it is necessary, I will submit to a drug and/or alcohol test. I also understand that failure to comply with a drug and/or alcohol testing request or a confirmed positive result for the illegal use of drugs and/or alcohol will lead to discipline up to and including termination of employment and/or forfeiture of workers' compensation benefits *.

I have carefully read the foregoing and fully understand its contents.

Name: _Sam A. Lisuzzo_    SS#: _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_

Signature: _Sam Lisuzzo_    Date: _10/19/04_

*Consult your state's workers' compensation laws to determine if forfeiture of benefits would apply in your state.

```
Page  1                                    11/15/2004    RPT#: 1
================================================================
D. A. C. S E R V I C E S .... M V R  R E P O R T ....
----------------------------------------------------------------
STATE: ILLINOIS            D R I V E R   I N F O R M A T I O N
----------------------------------------------------------------
LISSUZZO, SAM A                  REF:
2916 N BROADWAY ST APT 3
CHICAGO 60657 COUNTY:016         ID:
LICENSE: L22078155228            GROUP:
----------------------------------------------------------------
DOB:08/11/55 SOC/SEC:        SEX:M HGT:5'11" WT:145 EYES:BRWN HAIR:BRWN

         D R I V E R   L I C E N S E   I N F O R M A T I O N
----------------------------------------------------------------
CLASS          ISSUED  EXPIRES  STATUS          RESTRICTIONS
----------------------------------------------------------------
1-D            08/30/00 08/11/05 NO STOPS IN EFFECT    B

  M I S C E L L A N E O U S / S T A T E  S P E C I F I C  I N F O R M A T I O N
----------------------------------------------------------------
   CLASS: D=SINGLE VEHICLE < 16,001 GCWR
          LICTYP: 1=DRIVERS LICENSE
  STATUS: NO STOPS IN EFFECT
   RESTR: B=CORRECTIVE LENSES
    MISC: CONTINUOUS LICENSE DATE 08/30/00

         D R I V I N G   R E C O R D   I N F O R M A T I O N
----------------------------------------------------------------
TYPE V/S-DATE C/R-DATE  DESCRIPTION              V/C-CODE   PTS
----------------------------------------------------------------
                 MVR RECORD CLEAR

----------------------------------------------------------------
DAC RPT#:320-     DAC ACCT#:6022-DES  DAC REF#:5W6DESPRKYM9NONE    317
DMV DATE:11/15/04  DMV ACCT#:
================================================================
V/S-DATE=Violation/Suspension Date    C/R-DATE=Conviction/Reinstatement Date
```


PLAINTIFF'S EXHIBIT E

ılıⁱK

```
Page  1                                    11/10/2004   RPT#: 17
================================================================
EXPERIAN CREDIT REPORT
REF:                                                    SUB: DES
ID: 342317952                        GROUP:
================================================================

REPORT DATE:11-10-04 TIME:13:25:17(CST)

REPORT SELECTED FOR EMPLOYMENT OR CONTRACT LABOR SCREENING PURPOSE ONLY

LISUZZO, SAM 325469229;CA-2916 N BROADWAY 3/CHICAGO IL 60657;T-35......;
U-MEDICAL EXPRESS CORP,V-05,M-6022DES; VAXD-0002 85 TOK1 TIL1

CONSUMER     EXPERIAN CONSUMER ASSISTANCE
RELATIONS    P O BOX 949
OFFICE       ALLEN TX 75002

             PHONE: 888.397.3742  (24-HRS)


NAME:        SAM A LISUZZO           PREV:  SAM A LISUZZO
             54 WALL ST APT 32              2916 N BROADWAY ST # 3
             STATEN ISLAND NY 10301         CHICAGO IL 60657
ADDR UPDATED: 08-98U                        10-Y U  RPTD BY:1270246


             SSN: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  PREV:  SAM A LISUZZO
                                     502 AMSTERDAM AVE APT 20
                                     NEW YORK NY 10024
                                     10-Y U  RPTD BY:


EMPLOYMENT:  G M H C
EMPL UPDATED: 05-96

ACCOUNT PROFILE SUMMARY:
PUBLIC RECORDS-------1  PAST DUE------------$0  INQUIRES ----3  POSITIVE(+)---9
INSTALL BAL --------$0  MTHLY PAY---------$123  INQS/6 MOS---1  NEGATIVE(-)---9
R ESTATE BAL-------N/A  R ESTATE PAY-------N/A  TRADELINES--18  NON-EVAL( )---1
REVOLVNG BAL-----$2497                          PAID ACCTS--12  OLD TRADE-10-Y

PUBLIC RECORDS:
- COURT NAME:US BKPT CT IL CHICAGO(2001000), DOCKET:00431563, BK 7-FILE,
        DATE:08-25-04, AMOUNT($):  000

CREDIT PROFILE:
            LAST    HIGH BAL  CURRENT  MTHLY         PAYMENT PROFILE
     OPENED PAY  TYPE OR LIM  BALANCE  PAYMT PAST  123456789111111111122222
# CO DATE  DATE ACCT  $      DATE   $    $  DUE $ *      012345678901234
--- ----- ----- ---- ------ ----- ------ ----- ----- - ------------------------
     << NOTE   1 >>
- 1 05-96       CRCD   1800 10-04     0           1 10-04 BANKRUPTCY LIQ REO
- 2 10-Y        CRCD   9300 09-04     0           1 09-04 BANKRUPTCY LIQ REO
- 3 10-Y        CRCD   1500 10-04     0           1 10-04 BANKRUPTCY LIQ REO
- 3 10-Y        CRCD    700 09-04     0           1 09-04 BANKRUPTCY LIQ REO
        SPECIAL COMMENT ON ABOVE LINE:CREDIT LINE CLOSED-GRANTOR'S REQUEST
- 3 07-03       CRCD   4300 09-04     0           1 09-04 BANKRUPTCY LIQ REO
        SPECIAL COMMENT ON ABOVE LINE:CREDIT LINE CLOSED-GRANTOR'S REQUEST
```

```
   2 10-Y       CRCD    9300 10-03              1 CCCCCCNCCCCCCCCCCCCCCCCC
                                                10-03 CREDIT CARD LOST
+  4 07-01       I/L     5000 07-04             1 CCCCCCCCCCCCCCCCCCCeeeCCCC
                                                07-04 PAID SATIS
+  5 08-99       C/C     1000 01-01             H NNNNNNNCNNNNNNNNNN
                                                01-01 PAID SATIS
     SPECIAL COMMENT ON ABOVE LINE:CREDIT LINE CLOSED-GRANTOR'S REQUEST
+  6 08-99       UNS     4000 02-00             1 NCCCC
                                                02-00 PAID SATIS
+  2 10-Y       CRCD    UNKN 02-97             1 ---N---NNNNNNNNN
                                                02-97 PAID SATIS
     SPECIAL COMMENT ON ABOVE LINE:CREDIT LINE CLOSED-CONSUMER'S REQUEST
+  7 10-02 11-04 CRCD   4000 11-04     12    11 1 CCCCCCCCCCCCCCCCCCCCCCCCC
+  8 03-00 10-04 C/C    1900 10-04    561       1 CCCCCCCCCCNNCCCCCCNNNNNN
+  9 07-99 09-03 CRCD    500 10-04      0       1 NNNNNNNNNNNNNNCCCCCCCCCCC
+ 10 06-04 08-04 CHG     500 10-04      0       1 NCC
+  1 05-96 07-04 CRCD   2100 08-04   1924   112 1 CCCCCCCCCCCCCCCCCCCCCCCCC
- 11 05-04       CRCD  10000 10-04      0       1 CCCC
                                                10-04 BANKRUPTCY LIQ REO
-  9 10-02       C/C   16200 09-04      0       1 CCCCCCCCCCCCCCCCCCCC-N
                                                09-04 BANKRUPTCY LIQ REO
- 12 12-98       CRCD   3300 09-04      0       1 CCCCCCCCCCCCCCCCCCCCCCCC
                                                09-04 BANKRUPTCY LIQ REO
    13            UNKN   UNKN                    06-26-04 INQUIRY
    14            UNKN   UNKN                    07-08-03 INQUIRY
    15            UNKN   UNKN                    10-16-02 INQUIRY

                                     ------ ---- -----
                                      2497  123    0
```

```
* ECOA ASSOCIATION CODES:
    1=INDIVIDUAL,H=TERMINATED-FORMERLY REPORTED AS INDIVIDUAL
```

CONSUMER/GENERAL STATEMENT:
    11-04 USER ACKNOWLEDGES RECEIPT OF A COPY OF THE SUMMARY OF THE CONSUMER'S
    RIGHTS PRESCRIBED BY THE FEDERAL TRADE COMMISSION UNDER SECTION 609
    (c) (3) OF THE FCRA ("CONSUMER'S RIGHTS"). BY ACCEPTING THIS REPORT,
    THE USER HEREBY CERTIFIES AND CONFIRMS THAT HE OR SHE WILL ATTACH A
    COPY OF THE CONSUMER'S RIGHTS TO THE REPORT AS REQUIRED BY SECTION 604
    (b) (1) (B) OF THE FCRA.

SPECIAL MESSAGES:
    << NOTE    1 >> IN THE FOLLOWING:FIRST NAME:SAM,MID INITAL:A,STREET NO:2916,
                    STREET INITAL:B,ZIP:60657

COMPANY LIST:
    1:EDUCTN C1(1270246)
    2:DISCOVER FINANCIAL SVC(3276502-ORIGINAL CREDITOR:BANKRUPTCY CHAPTER 7)
    3:AMEX(1229200-ORIGINAL CREDITOR:BANKRUPTCY CHAPTER 7)
    4:AMEX(7100834)
    5:CITIBANK NA QUEENS(1100772)
    6:CITIBANK N A(1503160)
    7:BANK OF AMERICA(1213727)
    8:CITICORP SAVINGS ILL(2810312)
    9:MBNA AMERICA BANK NA(1230206)
    10:WFNNB/STRUCTURE/EXP ME(1348820)
    11:UNIVERSAL SAVINGS BANK(4111150)
    12:CHASE(1290138-ORIGINAL CREDITOR:BANKRUPTCY CHAPTER 7)
```

```
13:WFNNB/STRUCTURE/EXP ME(2367777)
14:DIRECT MERCHANT(1237080)
15:MBNA FINANCIAL SERVICE(1167880)
```

# ACCOUNT PROFILE SUMMARY:   9 POS(+),   9 NEG(-),   1 NON-EVAL( ),   3 INQUIRES

CREDIT INFORMATION PROVIDED BY  EXPERIAN
-----END--

# MEDICAL EXPRESS CORPORATION

## EDUCATION VERIFICATION

NAME: SAM LISUZZO

DOB:             08-11-1955

SSN:

SCHOOL:          EASTERN ILLINOIS UNIVERSITY-ILLINOIS
                 DEGREECHECK- REGISTAR'S OFFICE

DEGREE:          B.S.-BUSINESS/ACCOUNTING

DATE GRADUATED:    DECEMBER 22, 1979

CONFIRMED BY:    LISA ANDERSON              DATE: 11-15-2004

With drew
Interest



PLAINTIFF'S EXHIBIT
F

November 11, 2004


Mr. Sam Lisuzzo
2916 N. Broadway #3
Chicago IL 60657


Dear Mr. Lisuzzo:

This letter is prepared as a follow-up to our discussion regarding you joining Dynamic Educational Systems Inc. (the Company) as the Accountant, an exempt position, located in Chicago, IL. We are pleased you have accepted the position and we look forward to a mutually rewarding experience.

The following items summarize the key factors of the offer discussed and you verbally accepted:

1.   Your starting salary will be a weekly rate of $904.00 before applicable withholding and taxes. In concert with the Company's policy you will receive a review every 12 months at which time your base salary compensation will be reviewed. As a new employee, you will be formally reviewed in writing at the end of six months to provide you insight as to how well management and your associates feel you are doing relative to the overall opportunity.

2.   The Company will make medical insurance available to you and your dependents. The Company in accordance with the existing benefits package, subject to change, will also provide life and disability benefits.

3.   You will receive two weeks paid vacation after being employed by the Company for a period of one year. The vacation time will be increased to three weeks after you have been employed continuously for five years. You will receive ten paid holidays.

4.   In the capacity of the Accountant you will report directly to D.E. Simmons, General Manager.

5.   As required by all Exodyne, Inc. companies, this offer is contingent on you passing a substance abuse test and a background check.


6.   We also request you sign an Invention Assignment and Secrecy Agreement and a Conflict of Interest Agreement with the Company as a requirement for employment (enclosed).

7.   We have targeted a start date on or around November 22, 2004 as we anticipate all pre-employment processing to be completed by then.



November 11, 2004
Sam Lisuzzo

Page 2


Please be advised that this offer of employment is not an employment contract. Employment with DESI is "at will" and can be terminated at any time by either party.

We are pleased you have accepted our offer for employment and ask that you make your formal acceptance by signing a copy of this letter and returning it to our office. If you have any questions regarding the information contained herein, please do not hesitate to contact us. We are looking forward to working with you and trust that you will feel the excitement of our staff as we grow Dynamic Educational Systems, Inc. in the future.

Sincerely,



D.E. Simmons
General Manager

Enclosures




Accepted: _____     Date: _____

STATE OF ILLINOIS     )
                      ) ss

COUNTY OF COOK    )          CHARGE NO.: 2005CA2864

## AFFIDAVIT OF SERVICE

      RUTH WILLINGHAM, being first duly sworn on oath, states that she served a copy of the attached ORDER upon each person named below this ⟨30th⟩ day of ⟨July⟩, 2007, in the manner indicated below.

(X)    FIRST CLASS MAIL          (X)    BY HAND DELIVERY

Carl R. Menefee
3517 Birchwood Drive
Hazel Crest, IL 60429

Rocco J. Claps, Director
Department of Human Rights
100 West Randolph Street
Suite 10-100
Chicago, IL 60601

Tim Richmeier
Manager, Human Resources
Dynamic Educational Systems, Inc.
8433 N. Black Canyon Highway
Suite 200
Phoenix, AZ 85021

_RUTH WILLINGHAM_

SUBSCRIBED AND SWORN TO BEFORE ME
THIS ⟨30th⟩ DAY OF ⟨July⟩, 2007

_NOTARY PUBLIC_ ⟨09/30/07⟩

OFFICIAL SEAL
KONAH J YANCY-MORGAN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:04/13/11



STATE OF ILLINOIS
DEPARTMENT OF HUMAN RIGHTS

IN THE MATTER OF THE           )
REQUEST FOR REVIEW BY:         )
                               )
CARL R. MENEFEE                )        CHARGE NO:  2005CA2864
                               )        EEOC NO:  21BA51640
                               )

## ORDER

This matter coming before the Chief Legal Counsel upon Complainant's Request for Review ("Request") of the dismissal by the Department of Human Rights ("Department") of Charge No. 2005CA2864, Carl R. Menefee, Complainant, and Dynamic Educational Systems, Inc., Respondent; and the Chief Legal Counsel having reviewed de novo the Department's investigation file, including the Investigation Report, and Complainant's Request and supporting materials; and the Chief Legal Counsel being fully advised of the premises;

NOW, THEREFORE, it is hereby ORDERED that the Department's dismissal is SUSTAINED on the following ground:

### LACK OF SUBSTANTIAL EVIDENCE

In support of which determination the Chief Legal Counsel states the following findings of fact and reasons:

1.    Complainant filed a charge of discrimination with the Department on March 24, 2005, alleging that Respondent failed to hire him because of his race, black (Count A), sex, male (Count B), and age, 50 (Count C), in violation of Section 2-102(A) of the Illinois Human Rights Act. On March 29, 2006, the Department dismissed Complainant's charge for Lack of Substantial Evidence. On April 14, 2006, Complainant filed a timely Request for Review. On October 30, 2006, the Chief Legal Counsel Designee vacated the dismissal of Complainant's charge and remanded the charge to the Department's Charge Processing Division for further investigation. On December 15, 2006, the Department again dismissed Complainant's charge for Lack of Substantial Evidence. On December 18, 2006, Complainant filed this timely Request.

2.    As to Counts A, B and C, Complainant, an Accountant, alleges that Respondent failed to hire him because of his race, sex and age. Complainant further alleges that Respondent hired a less qualified, non-black, female and younger applicant for the position.

3.    As to Counts A, B and C, Respondent's articulated non-discriminatory reason for failing to hire Complainant is that he was not the most qualified applicant for the position. In particular,

Respondent contends that during Complainant's interview, Complainant did not present himself well and did not demonstrate good communication skills, Complainant's career essentially was as an accountant without any record of advancement into higher supervisory or managerial positions, and Complainant left his previously employer abruptly without having secured other employment.

4.      As to Counts A, B and C, the Department's investigation did not reveal that Respondent's non-discriminatory reason for failing to hire Complainant was pretext for unlawful discrimination. The investigation revealed that in the fall of 2004, Respondent advertised an opening for Fiscal Operations Manager. The advertisement stated that internal audit or governmental agency experience was preferred and that supervisory and budget preparation experience was a plus. The job description for Fiscal Operations Manager listed the requirements for the position as including a Bachelor's degree in Finance or Accounting preferred, strong knowledge of vocational training markets, at least three years experience in accounting or finance preferred, the ability to interact with private and public agencies, good communication skills, and the ability to work in stressful situations. On November 11, 2004, Respondent offered the position to Sam Lisuzzo ("Lisuzzo") (white, male, 49 years old), but Lisuzzo declined the position. Respondent re-advertised for the position. Respondent's Human Resources Department screened the resumes received by Respondent and forwarded qualified candidates to Chris Herro ("Herro"), Director of Finance. Herro interviewed five candidates over the telephone, including Complainant and Melissa Giroux ("Giroux") (white, female, 25 years old). Herro referred four of the candidates, including Complainant and Giroux, for in-person interviews with D. E. Simmons ("Simmons"), General Manager. Simmons interviewed all four candidates including Complainant and Giroux. Simmons hired Giroux.

5.      As to Counts A, B and C, the investigation further revealed that Giroux had a Bachelor of Science Degree in Business Administration, two years of experience performing internal audits and financial analysis, and one year of experience as Supervisor of Accounting Services, which included supervisory experience and experience performing budget preparation analysis. The investigation revealed that Complainant had a Bachelor of Arts degree in Accounting and a Masters' Degree in Public Administration, 17 years of experience as an accountant, three years of experience as an accountant contractor, and two years of experience as a staff auditor. The investigation further revealed that Complainant left his previous employer in September 2004, without securing future employment. The Department's investigation did not reveal, nor did Complainant present, any evidence that Respondent's articulated non-discriminatory reason for failing to hire Complainant is pretext for unlawful discrimination. There is no evidence that Respondent harbored an animus towards Complainant because of his race, age or sex or that Respondent's decision not to hire Complainant was motivated by Complainant's race, sex or age. The evidence shows that Respondent initially offered the position to Lisuzzo, who was the same sex and approximately the same age as Complainant. There is no substantial evidence that Complainant's race, sex, or age played any role in Respondent's decision not to hire him.

6.      As to Counts A, B and C, absence evidence demonstrating pretext, qualification evidence by itself may demonstrate pretext if the disparity in qualifications is so great that no reasonable person could have selected the hired candidate over the Complainant (see Cooper v. Southern Co., 390 F.3d 695, 732 (11th Cir. 2004); or that Complainant's qualifications are "clearly superior" to the hired candidate (see Raad v. Fairbanks North Star Borough School Dist., 323

F.3d 1185, 1194 (9th Cir. 2003); or that a reasonable employer would have found Complainant to be "significantly better qualified" for the position (see Aka v. Washington Hospital Center, 156 F.3d 1284, 1294 (D.C. Cir. 1998).

7.      In the instant case, the evidence does not show that Complainant's qualifications were so superior to Giroux's qualifications that no reasonable employer would have chosen Giroux over Complainant or found that Complainant was significantly better qualified than Giroux. The evidence shows that both Complainant and Giroux met Respondent's requirement of three years experience in accounting or finance. While Complainant had many more years of experience as an accountant than Giroux, Complainant more or less remained in the same position during his entire career and did not have a record of advancement or promotion into managerial or supervisory positions. Giroux, while having been employed for a shorter time than Complainant, demonstrated an ability to advance into managerial positions by being promoted into a supervisory position after only two years of employment with her previous employer. Additionally, while Complainant had experience working for governmental agencies, Giroux, unlike Complainant, had supervisory experience, experience conducting internal audits, and experience performing budget preparations. Additionally, while Complainant had a master's degree, a master's degree was not required or preferred for the position. Thus, the qualification evidence relied upon by Complainant is insufficient to demonstrate that Respondent's reasons for hiring Giroux over Complainant are pretext for unlawful discrimination.

8.      Additionally, the evidence shows that Complainant had a gap in his employment because he left his previous employer abruptly and without securing future employment. To the contrary, Giroux was still employed at her previous employer. Respondent is in a better position to assess its hiring needs and it is inappropriate for the Department to "sit as a super-personnel department that reexamines an entity's business decision in cases where discrimination is alleged." Dale v. Chicago Tribune Company, 797 F. 2d 458 (7th Cir. 1987). In the absence of any evidence that the business consideration relied upon by a Respondent is a pretext for discrimination, it is improper for the Department to substitute its judgment for the business judgment of the employer. See Berry and State of Illinois, Department of Mental Health and Developmental Disabilities, ___ Ill. HRC Rep. ___, Charge No. 1994SA0240 (December 10, 1997). The evidence does not show that the business considerations relied upon by Respondent are pretext for unlawful discrimination. There is no substantial evidence that Respondent's articulated non-discriminatory reasons for failing to hire Complainant are pretext for unlawful discrimination.

9.      In his Request, Complainant does not provide any additional evidence which would warrant a reversal of the Department's original determination. Complainant alleges that Simmons had filed a racial charge of discrimination against Respondent with the Equal Employment Opportunity Commission and speculates that Simmons did not want to hire him because it could have affected the outcome of Simmons' charge of discrimination. However, mere speculation or conjecture does not constitute substantial evidence of discrimination. See Willis v. Illinois Department of Human Rights, et. al., 307 Ill.App.3d 317, 718 N.E.2d 240 (4th Dist. 1999). Finally, Complainant alleges that he was at a disadvantage during his interview with Simmons because Simmons received a telephone call during the middle of his interview and became distracted. Even if that is true, Complainant has not shown any nexus between

4

Respondent's failure to hire him and his race, sex or age. Complainant's Request is unpersuasive.

10.    In sum, Complainant failed to establish, and the Department's investigation failed to show, that Respondent failed to hire him because of his race, sex, or age.

11.    This is a final Order. A final Order may be appealed to the Appellate Court by filing a petition for review, naming 1) the Chief Legal Counsel, 2) the Department, and 3) Respondent as appellees, with the Clerk of the Appellate Court within 35 days after the date of service of this Order. The Department deems "service" complete 5 days after mailing.

ENTERED THIS _30th_ DAY OF _____July_____, 2007.

_____
Chief Legal Counsel

**Carl R. Menefee, Sr.**
3517 Birchwood Drive
Hazel Crest, IL 60429
*Veronica Harris* → (708) 335-0238 / Cell (708) 323-7286
carlrmenefee@netzero.com

## PROFESSIONAL EXPERIENCE *Masters in Public Admin*

*4 1/2 yrs.*  5/2000 - 9/2004 -- **Accountant** -- City of Des Plaines -- Finance Department
- Collaborated with Finance Director on annual budget, audit and financial projects as needed
- Supervised processing of revenue receipts and purchase payments
- Closed daily, monthly, quarterly, and yearly financial transactions and maintained General Ledger
- Ensured revenues were credited to the correct account and deposited by next business day
- Processed checks for invoices and prepared cash report for Community Development Block Grant
- Reconciled monthly various city bank statements to the General Ledger
- Maintained escrow files and general ledgers of funds for infrastructure and capital improvements

*2 yrs.*  3/1998 - 4/2000 -- **Accountant Contractor**
    2/1999 - 4/2000 -- Evanston Northwestern Healthcare
    6/1998 - 1/1999 -- Preferred Machine and Tool Production Corporation
    3/1998 - 5/1998 -- Chas. Levy Company LLC
- Conducted monthly bank reconciliation and reported results using Microsoft Excel
- Composed journal entries for variances and monthly closing
- Created database for plant inventory and conducted physical inventory
- Purchased supplies for manufacturing process

*1 yr 4 months*  11/1996 - 2/1998 -- **Staff Auditor** -- Broniec Associates
- Examined computer printouts of accounts payable data for various overpayments
- Researched, wrote-up and processed claims for collection

*6 mos*  10/1995 - 2/1996 -- **Accountant Contractor** -- Illinois Municipal Retirement Fund
- Set-up reinstatement of past service applications and receipts of processing fees
- Distributed account receivable funds and adjusted account statements

*13 yrs.*  1982 - 1995 -- City of Chicago
    1988 - 1995 -- **Accountant III** -- Planning and Development
    1986 - 1988 -- **Accountant II** -- Water Commission's Office
    1982 - 1986 -- **Accountant I** -- Water Collections
- Advanced client payments for various programs and incentives
- Researched and analyzed computer data, and prepared reports of findings
- Reviewed department records with internal and external auditors
- Prepared monthly closing and special reports of department activities
- Designed Lotus programs to trace various payment programs
- Reconciled Comptroller, Treasury and Department of Revenue reports of water collections
- Adjusted water receipts of assessed and metered accounts to the billing receivable ledgers

**EDUCATION:** Governors State University -- Masters in Public Administration
            Elmhurst College -- Bachelor of Arts in Accounting

**COMPUTER SKILLS**
    **Software:** Microsoft Office. Pentamation. Systems Design.
    **Hardware:** Personal computers and printers. Network Operation.



PLAINTIFF'S EXHIBIT



## DYNAMIC EDUCATIONAL SYSTEMS, INC.
## INTERVIEW SUMMARY/PRE-HIRE APPROVAL FORM

Name: _MELISSA Gilroy_    Date of Interview: _12-8-04_

Current Position: N/A    Position Applied: _Accountant_

Education [ ] High School    [ ] 2-year of College or A.A.    [X] Bachelor's degree
         [ ] Master's degree    [ ] other:

**I. Is candidate suited for the position?** [X] Yes  [ ] No    Why or Why Not?

_HER BACKGROUND IS WELL SUITED FOR DISCIPLINARY FISCAL
NEEDS & WILL REPRESENT US WELL IN DEALING WITH MWD & E2_

**II. Special training and/or experience significant to the position applied for?**

_OPERATION AUDITS AT DIVISION LEVEL / WRITE WORK INSTRUCTIONS
FOR MONTHLY REPORTS / FINANCIAL ANALYSIS PROJECTS_

**III. What are the candidate's strengths? Areas of Improvement?**

_AS A ANALYST SHE HAS CONDUCTED MONTH END CLOSEOUT'S AND
DEVELOPED EFFICIENT MONTH END AUTOMATED REPORTS_

**IV. Rating (1-Poor: 2-Moderate: 3-Exceptional)**

1. Job Knowledge  [3]    4. Community Awareness  [2]

2. Degree to which Qualifications Match  [3]    5. Communication Skills  [3]

3. Stability/Employment History  [2]    6. Supervisory/management Skills  [2]

**IV. Recommended** [X] Full-time    [ ] Part-time    [ ] Temporary    [ ] On-Call

Not Recommended [ ]    [ ] Recommended for other position

Recommended Rate per Hour: _$26.00_    Recommended Start Date: _1-3-05_

Replacement For: _JOSE VASQUEZ_

Signature: Project Director: _____

Vice President: _____

President: _Stant 12/14/04_

cc: Corporate Human Resources w/completed employment application, ADR and resume.



PLAINTIFF'S
EXHIBIT

*manager Fiscal Op..,.ns → l.m. to C.B.*

Melissa Giroux ← *She was hired.*
*1/17/05 start date*

### Interview Agenda & Questions

**Agenda:**

➤ Briefly provide company overview and job
➤ Ask questions pertaining to the resume or application (esp. look for employment history gaps, skill set compared to job qualifications, industry specific experience).
➤ Elicit honest feedback from candidate (i.e., does he or she have any questions, concerns, etc.)
➤ Ask final questions, closing comments (e.g., timeframe for decision)
➤ Summarize impressions, pros and cons and whether this is a good match

### Questions:

- When you heard about this job opening, what caught your interest?

  *different company - North Kingston → R.I. service industry —*

- What do you think this job has to offer versus your previous (or current) job?

  *sounds interested*

- What concerns you the most coming into this position? OR what do you think the biggest challenges will be?

- Are there any aspects of the job or job offer that are non-negotiable?

- What (minimum) rate of pay are you looking for or expecting to be offered?

  *$49,000 →*

- Where do you see yourself in:

  o 1 year?

  o 3 years?

  o 5 years? *pushing it*

- What do you think your strongest traits are?

  *day to day accounting - interacting w/people*
  *analytic person -*

PLAINTIFF'S EXHIBIT
K

*{Chris. herro}*

## Interview Agenda & Questions

- What areas do you need to improve upon?


- What gets you excited or motivated on the job? OR what provides you with job satisfaction?   *Challenged — taking on projects*


- Is travel to & from work OK?
  *would love working in loop →*


- Describe a normal day at current or last job?


- What did you like most or least about your (last) job? (If stayed on one job for a long time – why did you especially like that job; conversely, if a short tenure, why did you dislike?)
  *M — Improvement - Analysis →*
  *L — So many Divisions - people do things their own way — → not alot of satisfaction ↳ model most appropriate way ▶*

- Give me one example where you adapted to change on your last job?


- What do you think you need to do this job proficiently?
  *quick learner — no problem dealing w/problem —*

- Describe the characteristics of an "ideal" company?


- What qualities in a supervisor do you most admire?


- Provide me with one example where you feel you quickly grasped a new idea or job responsibility at work?


- Can you provide me with an example of where you improved the process?
  *Big to small — lack of personal interaction — do better in small Company — ?? →*

2

*Carl Mincton*

<center>Interview Agenda & Questions</center>

Agenda:
- ➤ Briefly provide company overview and job
- ➤ Ask questions pertaining to the resume or application (esp. look for employment history gaps, skill set compared to job qualifications, industry specific experience).
- ➤ Elicit honest feedback from candidate (i.e., does he or she have any questions, concerns, etc.)
- ➤ Ask final questions, closing comments (e.g., timeframe for decision)
- ➤ Summarize impressions, pros and cons and whether this is a good match

Questions:

- When you heard about this job opening, what caught your interest?

  *future growth*

- What do you think this job has to offer versus your previous (or current) job?

- What concerns you the most coming into this position? OR what do you think the biggest challenges will be?

- Are there any aspects of the job or job offer that are non-negotiable?

- What (minimum) rate of pay are you looking for or expecting to be offered?

  *753K — range*

- Where do you see yourself in:

  - o  1 year?

  - o  3 years?

  - o  5 years?

- What do you think your strongest traits are?


PLAINTIFF'S EXHIBIT

1

Interview Agenda & Questions

- What areas do you need to improve upon?

- What gets you excited or motivated on the job? OR what provides you with job satisfaction?

- Is travel to & from work OK?

- Describe a normal day at current or last job?

- What did you like most or least about your (last) job? (If stayed on one job for a long time – why did you especially like that job; conversely, if a short tenure, why did you dislike?)

- Give me one example where you adapted to change on your last job?

- What do you think you need to do this job proficiently?

- Describe the characteristics of an "ideal" company?
  *yr of 1 progression → finance/ acting .*

- What qualities in a supervisor do you most admire?

- Provide me with one example where you feel you quickly grasped a new idea or job responsibility at work?

- Can you provide me with an example of where you improved the process?

2

EEOC FORM 131 (5/01)

# U. S. Equal Employment Opportunity Commission

|  |  |
|---|---|
| Chief Executive Officer<br>DYNAMIC EDUCATIONAL SYSTEM, INC.<br>101 N. Wacker Dr<br>Chicago, IL 60606 | **PERSON FILING CHARGE**<br><br>**D. E. Simmons**<br><br>THIS PERSON (check one or both)<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s)<br>EEOC CHARGE NO.<br>**210-2005-06539** |

## NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act      [ ] The Americans with Disabilities Act

[X] The Age Discrimination in Employment Act      [ ] The Equal Pay Act

The boxes checked below apply to our handling of this charge:

1. [ ]   No action is required by you at this time.

2. [ ]   Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [X]   Please provide by   **01-AUG-05**   a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ]   Please respond fully by      to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [ ]   EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by to
If you <u>DO NOT</u> wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

| | |
|---|---|
| Norton W. Nedoss, Investigator<br>*EEOC Representative*<br>Telephone:   **(312) 886-7491** | **Chicago District Office**<br>**500 West Madison St**<br>**Suite 2800**<br>**Chicago, IL 60661** |

Enclosure(s): [X] Copy of Charge

**CIRCUMSTANCES OF ALLEGED DISCRIMINATION**

[X] RACE   [ ] COLOR   [ ] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN   [X] AGE   [ ] DISABILITY   [ ] RETALIATION   [ ] OTHER

**See enclosed copy of charge of discrimination.**

PLAINTIFF'S
EXHIBIT
M

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| Jul 01, 2005 | John P. Rowe, District Director | *John P. Rowe* |

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 210-2005-06539 |

Illinois Department Of Human Rights _____ and EEOC

*State or local Agency, if any*

| Name *(Indicate Mr., Ms., Mrs.)* | Home Phone No. *(Incl Area Code)* | Date of Birth |
|---|---|---|
| D. E. Simmons | (773) 268-7434 | 09-04-1954 |

| Street Address | City, State and ZIP Code |
|---|---|
| 4744 S. Champlain Ave., Chicago, IL 60615 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Cod* |
|---|---|---|
| DYNAMIC EDUCATIONAL SYSTEM, INC. | 15 - 100 | (312) 525-8113 |

| Street Address | City, State and ZIP Code |
|---|---|
| 101 N. Wacker Dr,  Chicago, IL 60606 | |

| Name | No. Employees, Members | Phone No. *(Include Area Cod* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*  =

☒ RACE    ☐ COLOR    ☐ SEX    ☐ RELIGION    ☐ NATIONAL ORIGIN
☐ RETALIATION    ☒ AGE    ☐ DISABILITY    ☐ OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 09-04-2004    Latest: 02-07-2005
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was hired by Respondent on or about July 6, 2004.  My most recent position was General Manager. Within the past 300 days, I have been subjected to harassment by my non-Black and significantly younger manager in that my work was scrutinized, I was constantly monitored and my manager created an intimidating and hostile work environment.  On or about February 7, 2005, I was discharged.

I believe I have been discriminated against because of my race, Black, in violation of Title VII of the Civil Rights Act fo 1964, as amended and because of my age, 50 (DOB: 09/04/1954), in violation of the Age discrimination in Employment Act of 1967, as amended.

RECEIVED EEOC

JUL 0 1 2005

CHICAGO DISTRICT OFFICE

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Jul 01, 2005<br>Date            Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |





**D.E. Simmons**
General Manager
**Dynamic Educational Systems, Inc.**
101 N. Wacker Drive
Chicago, IL 60606
Phone: 312.525.8113 ext.8117
Fax: 312.525.8121
desimmons@desiatchicago.com

|  |  |
|---|---|
| Pilsen Center | Westside Center |
| 1657 S. Blue Island Ave. | 3500 W. Grand Ave. |
| Chicago, IL 60608 | Chicago, IL 60651 |
| 773.243.5100 | 773.227.7117 |
| Southwest Center | Mid-South Center |
| 7500 S. Pulaski Rd., Bldg.100 | 715 E. 47th St. |
| Chicago, IL 60652 | Chicago, IL 60653 |
| 773.884.7000 | 773.538.5627 |

Mr. Simmons told me DESI had centers @ Northside, Garfield & 115ᵗʰ Holstad. but card he gave me listed on back Pilsen, Westside, Southwest & Mid-South. Also, there is no center on 115ᵗʰ, the center is on 105.

20 Dec
31 Jan
28 Feb
24 Mar
103

Friday
12/10/04 - Interviewed with D.E. Simmon at 101 N. Wacker Dr. Rm 2009 DESI Dynamic Educationa Systems, Inc. Accountant Position

