

**FILED**
MAR 1 2 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

MAR 1 2 2008

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| Carl R. Menefee, Sr. | ) | |
| Plaintiff, | ) | No. 07 CV 6396 |
| v. | ) | |
| | ) | Judge Gettleman |
| Dynamic Educational Systems, Inc., | ) | Magistrate Judge Schenkier |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS

Plaintiff, Carl R. Menefee, Sr. *pro se* submits the following response to Defendant's Statement of Material Facts:

1. Plaintiff admits that he lives in Hazel Crest, Cook County, Illinois. (Def. Ex. A)

2. Plaintiff admits that Dynamic Educational Systems, Inc., has its headquarters in Phoenix, Arizona and has an office in Chicago, Illinois. (Def. Ex. A) Plaintiff agrees that the defendant's principle business is that of a government service contractor. (Def. Par.1, Ex. B) Defendant handles job training and placement programs, with the assistance of federal and local funding in the United Sates. *Id.*

3. Plaintiff admits that his complaint alleges race, sex and age discrimination. (Def. Ex. A)

4. Plaintiff disputes defendant's pretense of placing an advertisement for the Accountant position in the newspaper. (Def. Par. 3, Ex. B; Ex. C) The written description of the position is inadequate to prove that the position ad was published in the Chicago Tribune on August 23, 2004. *Id.*

5. Plaintiff agrees that the defendant sought a certain level of experience for the accountant position. (Def. Par. 4, Ex. B) Plaintiff disputes Chris Herro's declaration, which was revised on February, 14, 2008, and lacks notarization by a notary public. *Id.*

6. Plaintiff disputes the November 11, 2004, alleged offer letter to Mr. Sam Lisuzzo. (Def. Par. 5, Ex. B; Ex. D) This "phony" letter is not printed on their company's stationary, not signed by D.E. Simmons, and not signed as being accepted by Mr. Lisuzzo. *Id.* Plaintiff disputes the defendant's submission of the incomplete Records Report of Sam Lisuzzo as evidence. (Def. Ex. F) These actions are a pretext for race, gender and age discrimination. *Id.*

7. Plaintiff disputes the alleged withdrawal of Mr. Lisuzzo candidacy for the accountant position, due to the lack of documentation of the withdrawal. (Def. Par. 7, Ex. B) This action is a pretext for race, gender and age discrimination. *Id.*

8. Plaintiff disputes defendant's pretense of posting an advertisement for the Accountant was placed on an Internet website. (Def. Par. 7&8, Ex. B; Ex. G) The written description of the position alone is inadequate to prove that the position was posted to an Internet website on November 22, 2004. *Id.*

9. Plaintiff disputes the number of resumes received in response to the alleged advertisement due to lack of documentation. (Def. Par. 9, Ex. B) Plaintiff was not given the opportunity to complete an application for the accountant position. *Id.* Defendant's statement that Plaintiff applied for the position as an accountant in DESI's Chicago office and is a pretext for discrimination. *Id.*

10. Plaintiff agrees that Ms. Melissa Giroux's applied for the position, but disputes her resume, experience and the size of her former employer. (Def. Par. 14, Ex. B)

11. Plaintiff disputes the defendant's critique of his resume saying it contained no supervisory history. (Def. Par.14, Ex. B; Ex. I) The face of his resume clearly shows supervisory experience, as the Accountant for the City of Des Plaines. As an Accountant III for the City of Chicago plaintiff worked for the Department of Planning and Development whose mission is to create and retain jobs, and enjoyed several promotions. *Id.*

12. Plaintiff admits he was contacted by Mr. Herro after posting his resume on CareerBuilders Website. (Def. Par.10, Ex. B)

13. Plaintiff admits being contacted by Mr. Herro, but disputes that any of the other alleged candidates were contacted or the contents of those alleged discussions. (Def. Par. 11-14, Ex. B) Initially plaintiff was unaware that Mr. Herro was screening candidates. *Id.*

2

14.     Plaintiff disputes Mr. Herro allegations. See # 13 above. (Def. Par.12, Ex. B)

15.     Plaintiff disputes Mr. Herro allegations. See # 11 above.
(Def. Par.13 & 14, Ex. B; Ex. H, I & S)

16.     Plaintiff disputes who ultimately was responsible for the hiring decision, and agrees to the race of Mr. Simmons. (Amnd. Cmpl. Par. I.B.3; Def. Par.15, Ex. B)

17.     Plaintiff admits he was interviewed by Mr. Simmons on December 10, 2004, and disputes that other candidates were interviewed or the contents of their interviews. (Def. Par.17, Ex. B; Ex. J)

18.     Plaintiff disputes what Mr. Simmons allegedly believed or the basis of his alleged decision to hire Ms. Giroux. (Pr.-Apprvl. Frm. Ex. K; Def. Par.19, Ex. B) According to the DESI Interview Summary/ Pre-Hire Approval Form Ms. Giroux was interviewed on December 8, 2004, the form was faxed from, DESI Chicago Corporate on December 9, 2004, Plaintiff was interviewed on December 10, 2004. *Id.*

_____
Carl R. Menefee, Sr. *Pro Se*


3517 Birchwood Drive
Hazel Crest, IL 60429

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Carl R. Menefee, Sr. ) | |
| Plaintiff, ) | |
| v. ) | Case No. 07C6396 |
| ) | Judge Gettleman |
| Dynamic Educational Systems, Inc. ) | Magistrate Judge Schenkier |
| an Exodyne Company ) | |
| Defendant. ) | |

## CERTIFICATE OF SERVICE

TO: Nancy E. Sasamoto
Masuda, Funai, Eifert & Mitchell, LTD
203 N. LaSalle St., Suite 2500
Chicago, IL 60601

I, the undersigned plaintiff, certify that on <u>12</u> day of <u>March, 2008</u>, I severed a copy of this **Plaintiff's Response To Defendant's Statement Of Material Facts** to the person whom it is directed by way of U.S. mail.

_____          03-12-08
Carl R. Menefee, Sr.                Date

3517 Birchwood Drive
Hazel Crest IL 60429
708.335.0238