IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CARL R. MENEFEE, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:  07 CV 6396 |
| | ) | |
| DYNAMIC EDUCATIONAL SYSTEMS, INC., | ) | Judge Gettleman |
| | ) | Magistrate Judge Schenkier |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS
## MOTION FOR SUMMARY JUDGMENT

Defendant, Dynamic Educational Systems, Inc. ("DESI"), by and through its attorneys,

hereby submits its reply in support of its Motion for Summary Judgment, and states as follows:

## ARGUMENT

**I.    Plaintiff's Response To DESI's Statement Of Material Facts Does Not
Comply With Federal Rules And DESI's Motion For Summary
Judgment Can Be Granted On This Basis Alone.**

1.    Plaintiff, Carl R. Menefee's ("Menefee"), deficient response to DESI's Statement

of Material Facts permits this Court to grant summary judgment in favor of DESI.  Menefee's

*pro se* status is immaterial to his failure to comply with Local Rule 56.1.  *See Greer v. Bd. of*

*Educ.*, 267 F.3d 723, 727 (7th Cir. 2001)(*Pro se* plaintiff's failure to provide specific facts in his

objection to statement of material facts permits court to allow motion for summary judgment on

this basis alone).[1]

---

[1]  This Court should be aware that Mr. Menefee is not an uninformed *pro se* litigant.  A review of the
dockets in the Northern District of Illinois and in the Circuit Court of Cook County, Illinois revealed that
Carl R. Menefee, Sr. has been the plaintiff in numerous cases (mostly alleging discrimination) in this
District and in the Circuit Court of Cook County, Illinois, including: *Carl R. Menefee, Sr. v. Acxiom*

2.     Local Rule 56.1 requires the non-moving party to admit or deny each factual statement proffered by the defendant and to designate with particularity those material facts believed to establish a genuine dispute for trial. *Id.*; *see also* Rule 56.1(b) of the Local Rules for the Northern District of Illinois. A blatant rebuttal of a statement of material facts without further discussion is insufficient to comply with Local Rule 56.1. *Greer*, 267 F.3d at 727. Consequently, a "district court would [be] within it discretion to grant the [movant's] motion for summary judgment on this basis alone." *Id.*

3.     In *Greer*, the United States Court of Appeals for the Seventh Circuit ruled that a district court can grant summary judgment against a *pro se* plaintiff if the plaintiff's response to a statement of material facts fails "to designate with specificity and particularity those material facts believed to establish a genuine dispute for trial." *Greer*, 267 F.3d at 727. The Seventh Circuit Court further ruled in *Greer* that any proposed undisputed facts without supporting evidence and self-serving legal conclusions will not create a disputed issue of material fact, and it is not the district court's responsibility to ferret out a factual dispute. *Id.*

4.     Like the plaintiff in *Greer*, Menefee has not raised specific facts in opposition to movant DESI's Statement of Material Facts that create a need for a trial. Menefee disputed DESI's Statement of Material Facts based upon two grounds: (1) his contention that DESI's facts are pretextual; or (2) simply for no reason other than Menefee "disputes" the facts without explanation. *See* e.g., Pl.'s Resp. to Statement of Facts ¶¶6,7, 9 (facts are pretext), and ¶¶4, 5, 6, 7, 8, 9, 10, 13, 14, 15, 16, 17, 19 ("disputes" facts without reason). Menefee has not raised any

---

*Information Security Services*, 07-cv-06605, *Carl R. Menefee, Sr. v. Village of Richton Park*, 05-cv-04072, *Carl R. Menefee, Sr. v. Broniec Associates*, 98-cv-03312, *Carl R. Menefee, Sr. v. City of Chicago Department of Planning and Development*, 95-cv-01319, *Carl R. Menefee, Sr. v. Board of Review, et al.*, 2007-L-050357, *Carl R. Menefee, Sr. v. City of Chicago, et al.*, 2005-L-013128, *Carl R. Menefee, Sr. v. Turner Henrietta Ct. Mng. et al.*, 2005-L-013137, *Carl R. Menefee v. Chicago Dept. Personnel et al.*, 1995-CH-07034, *Carl R. Menefee v. Chicago Department et al.*, 1995-CH-5995.

evidence to dispute DESI's Statement of Material Facts, but instead cited to exhibits included with DESI's Motion for Summary Judgment, all of which support DESI's Statement of Material Facts.

5.     Moreover, Menefee's attempt to discredit the sworn declaration of DESI employees is without foundation, as Menefee has not submitted any sworn statement to the contrary. *See Wang v. Maxinhall Estates, Inc.*, 531 F.2d 832, 833 (7th Cir. 1976)(uncontested affidavits accepted as true for purpose of summary judgment motion).

6.     Because Menefee has not disputed DESI's Statement of Material Facts with any evidence, this Court should accept DESI's Statement of Material Facts as true and not require the parties to proceed to trial.  Menefee's attempt to maintain this case based upon virtually no facts in support of his claims is wasteful of this Court's time and resources, and is continuing to subject DESI to incur attorneys' fees defending baseless claims against a litigant with a history of filing discrimination lawsuits apparently against any company that happens to cross his path. This court should grant summary judgment based upon Menefee's defective and unavailing response to DESI's Statement of Material Facts.

**II.     Plaintiff Has Not Raised Any Facts Disputing That A Person In His Protected Age and Sex Classes Was Offered The Accountant Position and Therefore Summary Judgment Must Be Granted In Favor of DESI On Plaintiff's Claims of Age and Reverse Sex Discrimination.**

7.     Menefee claims that DESI's offer of the accountant position to Sam Lisuzzo is "a pretext" for unlawful discrimination, but this makes no sense: the facts establish that DESI did not even know who Menefee was at the time it offered the accountant position to Mr. Lisuzzo, and it was therefore impossible for DESI to have created a pretextual reason for not hiring Menefee before Menefee was even a candidate for the accountant position.[2]   Moreover,

---

[2] DESI offered the accountant position to Mr. Lisuzzo on November 11, 2004.  Thereafter, Mr. Lisuzzo

Menefee's statements and exhibits regarding Mr. Lisuzzo only support the fact of Mr. Lisuzzo's application for employment and DESI's subsequent offer of employment to Mr. Lisuzzo, who is a person admittedly in the same protected age and sex classes as Menefee.

8.     In *Cooper v. Murphrysboro Board of Education*, the United States Court of Appeals for the Seventh Circuit affirmed the district court's ruling that a plaintiff failed to dispute that an employer did not grant a job to someone with lesser qualifications outside of the plaintiff's protected race (black), when the job was first offered to a person in the plaintiff's protected race (black), even though the job was ultimately offered to a person whose race was white. *Cooper v. Murphrysboro Bd. of Educ.*, 6 Fed. Appx. 438, 439-41 (7th Cir. 2001)(unpublished opinion), attached hereto in accordance with Fed. R. App. P. 32.1 at Ex. 1.

9.     In *Cooper*, the employer initially hired a black man, who resigned the job after 3 days. *Id*. at 440. Thereafter, the employer hired a white man and not the plaintiff, whose race was black. *Id*. The plaintiff in *Cooper* sued his employer on the basis of race discrimination in its hiring practices. *Id*. The district court ruled, and the appellate court in *Cooper* affirmed, that the initial hiring of the well-qualified black applicant barred the plaintiff from establishing the fourth element of his *prima facie* case – that the job was granted to someone outside of his protected class who had lesser qualifications. *Id*. at 440-41.

10.     The *Cooper* case closely resembles this case in that the person initially hired was a more-qualified member in the plaintiff's protected age and race classes. *Cooper*, 6 Fed. Appx. at 441. Here, the sworn declaration of Chris Herro, uncontradicted by any evidence from Plaintiff, establishes that Mr. Lisuzzo, a 49-year old man (in 2004), was initially hired for the accountant (fiscal operations) position. The declaration of Chris Herro and multiple exhibits

---

withdrew himself for the position, and Menefee subsequently interviewed for the position with DESI in December 2004.

attached to DESI's Statement of Material Facts show that DESI initially offered the accounting position to Mr. Lisuzzo in November 2004 and that he later withdrew his interest. These events occurred before any face-to-face communications between DESI and Mr. Menefee, which occurred in December 2004.

11.    It is also uncontroverted that Mr. Lisuzzo was well-qualified for the accountant position; he held positions progressing from credit manager, to senior auditor, to auditor-in-charge, to assistant controller, to financial analyst, and then to financial manager, between the years 1982 through 2004. *See* Lisuzzo Resume, attached to Def.'s Statement of Materials Facts at Ex. F.  Moreover, Mr. Lisuzzo had clear experience preparing budgets and supervising other employees. *See id.*

12.    Menefee has not offered any facts to dispute that DESI initially offered the accountant position to Mr. Lisuzzo, but instead claims that the facts offered by DESI are a "pretext," which presumably means "lies."  In this regard, Menefee's protest is unavailing, and this Court should not be forced to find a disputed issue of material fact where none exist.  "A lawsuit is not a game of hunt the peanut.  Employment discrimination cases are extremely fact-intensive and neither appellate courts nor district courts are 'obliged in our adversary system to scour the record looking for factual disputes . . . .'"  *Greer v. Bd. of Educ.*, 267 F.3d 723, 728 (7th Cir. 2001).

13.    DESI has provided this Court with facts supporting its offer of employment to a person in the same protected age and sex classes as Menefee, and Menefee has not provided any facts in rebuttal.  Menefee has not (and cannot) establish facts supporting the fourth element of his *prima facie* case.  Consequently, this Court should enter summary judgment in favor of DESI and against Menefee on his claims for age and reverse sex discrimination.

**III.    Menefee Has Not Sufficiently Disputed Either That Ms. Giroux Was More Qualified Than Menefee Or That DESI's Reasons For Not Hiring Him Were Pretextual.**

14.    Even if this Court were to believe that Menefee has established a *prima facie* case for any of his claims of discrimination (which he has not), Menefee has still failed to raise any material facts disputing DESI's reasons for hiring Ms. Giroux instead of him, which were based upon DESI's accurate belief that Ms. Giroux's qualifications were superior to Menefee's. Menefee argues, to no avail, that he actually had superior qualifications than Ms. Giroux for the accountant position.    Menefee further contends that DESI's belief that he had poor communication skills is a "pretext," presumably meaning a "lie."  Pl.'s Resp. Br., at 3, 4, 5, and 6.

15.    Not only did DESI believe that Ms. Giroux was more qualified than Menefee, but she actually was more qualified than Menefee.  Summary judgment should therefore be entered in favor of DESI and against Plaintiff on all counts of his Amended Complaint.

**A.    Ms. Giroux Was Better Qualified Than Menefee.**

16.    Although Menefee claims that he was better qualified than Ms. Giroux because he had more years of work experience, a simple comparison of their qualifications shows that Ms. Giroux was more qualified to be an accountant at DESI.  Menefee admitted in his response brief that Ms. Giroux "had a Bachelor of Science Degree in Business Administration, two years of experience performing internal audits and financial analysis, and one year experience as supervisor of accounting services and experience performing budget preparation analysis."  *See* Pl.'s Resp. Br., at 3.  In other words, Menefee has admitted that Ms. Giroux's experience was exactly the experience that DESI sought for the accounting position, as advertised.[3]

---

[3] DESI's advertisement for the accountant position sought applicants with "a solid work history in

17.    A desire to hire the more experienced or better qualified applicant is a non-discriminatory, legitimate, and common reason on which to base a hiring decision. *See, e.g., Gorence v. Eagle Food Centers, Inc.*, 242 F.3d 759 (7th Cir.2001) 242 F.3d 759 (7th Cir.2001); *Mills v. Health Care Serv. Corp.*, 171 F.3d 450, 458-59 (7th Cir.1999); *see also Parker v. Board of School Com'rs*, 729 F.2d 524, 527 (7th Cir.1984).

18.    Ms. Giroux's experience was superior to Menefee's. Ms. Giroux's experience included titled position as "Supervisor, Accounting Services," which included supervision of two departments (accounts payable and payroll). *See* Giroux resume, attached to Def.'s Statement of Materials Facts at Ex. H. In contrast, Menefee's resume only noted that he had "supervised processing of revenue receipts and purchase payments," but did not indicate that his job function required regular supervision of other employees. *See* Menefee resume, attached to Def.'s Statement of Materials Facts at Ex. F.

19.    Moreover, Ms. Giroux's resume and salary history clearly showed that she had been promoted and received regular salary increases. Ms. Giroux was promoted from a finance association to a supervisor. *See* Giroux resume, attached to Def.'s Statement of Materials Facts at Ex. H. To the contrary, based Menefee's employment history, Menefee appeared to have not progressed as he maintained basically the same job level for several years and had worked at various times as an accountant contractor.

20.    Ms. Giroux also had big business experience, and Menefee did not. Ms. Giroux worked at OSRAM Sylvania, whereas Menefee had not worked at any large corporation. *Compare* Giroux resume, attached attached to Def.'s Statement of Materials Facts at Ex. H, *with* Menefee resume, attached to Def.'s Statement of Materials Facts at Ex. I. Menefee's resume

accounting and finance, 4-year degree, strong communication and analytical skills, and 2 plus years experience working in Internal Audit . . . Supervisory and budget preparation/variance analysis experience a plus." *See* DESI advertisement, attached to Def.'s Statement of Materials Facts at Ex. G.

also indicated gaps in his employment history (February 2006 – November 2006, and September 2007 through his interview at DESI).

21.     DESI's assessments after interviewing Ms. Giroux and Menefee corroborated that Ms. Giroux had better qualifications to work at DESI as an accountant.  Herro Decl. ¶¶14, 19, attached to Def.'s Statement of Materials Facts at Ex. B.  Both Mr. Herro and Mr. Simmons recommended Ms. Giroux over all other candidates, including Menefee.  Moreover, DESI's interviewers found that Ms. Giroux displayed better communication skills than Menefee.  *Id.* ¶¶11, 14.

22.     Ms. Giroux was a better candidate than Menefee for the accountant position at DESI.  Not only was she an apt candidate based upon her work experience, but she possessed the communication skills that DESI sought.  Because DESI sought to hire the better qualified candidate, Menefee cannot establish a *prima facie* case for race discrimination or that DESI's decision was based upon pretext.

### B.     DESI Believed That Ms. Giroux Was Better Qualified Than Menefee.

23.     Notwithstanding the objective reasons why Ms. Giroux was more qualified than Menefee, DESI actually believed that Ms. Giroux was a better candidate.  Menefee does not contest DESI's belief in his response brief.  Instead, Menefee lists his own qualifications and then states that DESI fabricated reasons why it did not hire him.

24.     Whether Menefee believes that DESI should have hired him instead of Ms. Giroux, however, is irrelevant.  "The pretext inquiry focuses on whether the employer's stated reason was honest, not whether it was accurate."  *Helland v. South Bend Cmt. Sch. Corp.*, 93 F.3d 327, 330 (7th Cir. 1996).  A plaintiff must show that even if the reasons for not selecting an applicant were mistaken, ill considered or foolish, so long as the employer believes those reasons

there is no pretext. *Jordan v. Summers,* 205 F.3d 337, 343 (7th Cir.2000); *Cooper v. Murphrysboro Bd. of Educ.*, 6 Fed. Appx. 438, 441 (7th Cir. 2001)(cited per Fed. R. App. P. 32.1).

25.    Although Menefee complains in his response brief that DESI's reasons for not hiring him are "pretexts for unlawful *Race* (sic) discrimination," Menefee has not contested that **DESI believed Ms. Giroux was a better candidate than him**. DESI's reviews of Menefee by Mr. Herro and Mr. Simmons reveal that they assessed Ms. Giroux as a better-suited candidate for the accountant position than Menefee.

26.    Mr. Herro, who interviewed Menefee and Ms. Giroux by telephone, believed that Menefee lacked the superior communication skills that Ms. Giroux had.    In addition, Mr. Simmons rated Ms. Giroux as a "3" for her communication skills – the highest rating available, and reported that Ms. Giroux had the best interview out of all of the candidates. *See* Herro Decl. ¶20, attached to Def.'s Statement of Materials Facts at Ex. B; *see also* Interview Summary/Pre-Hire Approval Form, attached to Def.'s Statement of Materials Facts at Ex. K.   Moreover, Mr. Herro noted in an e-mail to Mr. Simmons that Menefee's "verbal communication skills were not as good as the other three [candidates]." *See* Herro Decl. ¶20, attached to Def.'s Statement of Materials Facts at Ex. B; *see also* E-Mail from Chris Herro to D.E. Simmons, dated December 3, 2004, attached to Def.'s Statement of Materials Facts at Ex. S.   In other words, both Mr. Herro and Mr. Simmons ranked Menefee as a less-qualified candidate than Ms. Giroux.   In addition, Mr. Herro also ranked Menefee lower than two (2) other candidates who were not offered the accountant job.

27.    Menefee has failed to raise any facts showing that DESI did not actually believe Ms. Giroux was a better qualified candidate.   Furthermore, DESI's Statement of Material Facts is

replete with assessments and analyses of the candidates for the accountant position, including a comparative review of the candidates, which ranked Menefee as the least desirable of the candidates. E-Mail from Chris Herro to D.E. Simmons, dated December 3, 2004, attached to Def.'s Statement of Materials Facts at Ex. S.

28.    A review of Menefee's response brief reveals that his entire case is apparently based upon the mistaken belief that if a candidate outside of his age, sex, and race was hired instead of him, then Menefee can state claims for discrimination. There is only a metaphysical doubt of discrimination in a case such as this one – where not only was a person initially hired who was in two of the same protected classes as Menefee, but also where facts clearly show that DESI accurately believed Ms. Giroux more qualified than Menefee. Moreover, it is unfathomable that Menefee's interviewer (Mr. Simmons), who was in all three of the same protected classes as Plaintiff, decided to discriminate against Menefee for being in those protected age, race, and sex classes.

29.    For all his claims, Menefee has not brought forth any facts that even remotely counter DESI's belief that it hired who it believed to be a more qualified applicant. For the foregoing reasons, this Court should adopt DESI's Statement of Facts as true and enter summary judgment in its favor as a matter of law.

## CONCLUSION

Menefee has failed to establish a *prima facie* case of age, race or sex discrimination. Menefee lacked the kind of supervisory experience, broad financial analysis experience, and verbal communication skills that DESI desired for the accountant position. Consequently, DESI hired a more qualified candidate, Ms. Giroux. Even if Menefee were able to establish a *prima facie* case, has not shown any facts that DESI's reasons for not hiring him were pretextual. Nor has Menefee disputed the fact that DESI believed that Menefee had poor communication skills and had less favorable supervisory and employment experience were legitimate, non-discriminatory reasons not to hire him. Accordingly, this Court should grant summary judgment in favor of DESI and dismiss Menefee's amended complaint with prejudice.

Respectfully submitted,

**DYNAMIC EDUCATIONAL SYSTEMS, INC.**

By:   /s/ Jason M. Metnick
One of Its Attorneys

Nancy E. Sasamoto
Jason M. Metnick
MASUDA, FUNAI, EIFERT & MITCHELL, LTD.
203 North LaSalle Street, Suite 2500
Chicago, Illinois 60601-1262
(312) 245-7500
Attorney Code No.: 90523

JM1:kam
N:\SYS02\10432\Lit\6002 - Reply in support of Motion for Summary Judgment Rev 1.doc