**EXHIBIT 1**

**Westlaw.**

6 Fed.Appx. 438    Page 1
6 Fed.Appx. 438, 2001 WL 436185 (C.A.7 (Ill.))
**(Cite as: 6 Fed.Appx. 438)**

HCooper v. Murphysboro Bd. of Educ., Community Unit School Dist. No. 186, Jackson County, Ill.
C.A.7 (Ill.),2001.
This case was not selected for publication in the Federal Reporter.NONPRECEDENTIAL DISPOSITIONTo be cited only in accordance with Fed.R.App.P. 32.1.
United States Court of Appeals,Seventh Circuit.
Wendell COOPER, Plaintiff-Appellant,
v.
MURPHYSBORO BOARD OF EDUCATION, COMMUNITY UNIT SCHOOL DISTRICT NO. 186, JACKSON COUNTY, ILLINOIS, Michael J. Mugge, individually and as Superintendent of Murphysboro Community Unit School District No. 186 Defendants-Appellees.
No. 99-3914.

Submitted April 23, 2001.[FN*]

FN* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. SeeFed. R.App. P. 34(a).
Decided April 26, 2001.

Unsuccessful applicant for position of assistant principal at middle school brought action against board of education and superintendent alleging race discrimination under Title VII. The United States District Court for the Southern District of Illinois, J. Phil Gilbert, J., entered summary judgment in favor of defendants, and applicant appealed. The Court of Appeals held that decision not to hire applicant was not result of discrimination.

Affirmed.

West Headnotes

[1] Civil Rights 78 €==1121

78 Civil Rights
　　78II Employment Practices
　　　　78k1121 k. Hiring. Most Cited Cases
(Formerly 78k141)
To make out prima facie case for failure to hire under Title VII, applicant must show that (1) he is member of protected class; (2) he applied and was qualified for job for which employer was seeking applicants; (3) despite his qualifications he was rejected; and (4) defendants granted job to someone outside protected class who had similar or lesser qualifications. Civil Rights Act of 1964, § 701 et seq., as amended, 42 U.S.C.A. § 2000e et seq.

[2] Civil Rights 78 €==1132

78 Civil Rights
　　78II Employment Practices
　　　　78k1129 Education, Employment in
　　　　　　78k1132 k. Hiring. Most Cited Cases
(Formerly 78k146)
Failure to hire African-American applicant for position of middle school assistant principal was not result of racial discrimination in violation of Title VII, where position was initially offered to African-American candidate, applicant did not have required certification, classroom experience, or familiarity with state assessment standards, and white candidate eventually selected for position had requisite experience and had completed all course work requirements for certification. Civil Rights Act of 1964, § 701 et seq., as amended, 42 U.S.C.A. § 2000e et seq.

[3] Civil Rights 78 €==1137

78 Civil Rights
　　78II Employment Practices
　　　　78k1137 k. Motive or Intent; Pretext. Most Cited Cases
(Formerly 78k153)
To show that employer's stated reason for not hiring applicant was pretext for discrimination under Title VII, applicant must demonstrate that employer's proffered reason was lie or completely lacked factual basis. Civil Rights Act of 1964, § 701 et seq., as amended, 42 U.S.C.A. § 2000e et seq.

[4] Civil Rights 78 €==1121

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

6 Fed.Appx. 438 Page 2
6 Fed.Appx. 438, 2001 WL 436185 (C.A.7 (Ill.))
**(Cite as: 6 Fed.Appx. 438)**

78 Civil Rights
    78II Employment Practices
        78k1121 k. Hiring. Most Cited Cases
        (Formerly 78k141)
Desire to hire more experienced or better qualified applicant is non-discriminatory, legitimate, and common reason on which to base hiring decision. Civil Rights Act of 1964, § 701 et seq., as amended, 42 U.S.C.A. § 2000e et seq.

*439 Appeal from the United States District Court for the Southern District of Illinois. No. 97 C 4108. J. Phil Gilbert, Judge.

Before Hon. FRANK H. EASTERBROOK, Hon. DANIEL A. MANION, and Hon. DIANE P. WOOD, Circuit Judges.

ORDER

**1 Wendell Cooper applied for a position as assistant principal with the Murphysboro Middle School ("MMS") in Murphysboro, Illinois in April 1994. After another applicant was hired, he sued the Board of Education ("MBE") and its Superintendent, Michael Mugge,[FN1] alleging race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. The district court concluded that Cooper failed to establish a *prima facie* case of race discrimination and granted summary judgment to the defendants. Cooper appeals and we affirm.

> FN1. Cooper also sued Mugge, who is not a proper defendant because Title VII's prohibition against discrimination in employment covers only the actions of an "employer." See 42 U.S.C. § 2000e-2(a)(1); Heinmeier v. Chemetco, Inc., 246 F.3d 1078, 1082 (7th Cir.2001). In this case the Murphysboro Board of Education, not Mugge, was Cooper's potential employer. Mugge therefore should have been dismissed from this action on that independent ground. See Williams v. Banning, 72 F.3d 552 (7th Cir.1995) (a Title VII suit must proceed against the employer as an entity rather than against a natural person).

A search committee that included Sharon Johnson, the MMS principal; Philip Trapani, the Murphysboro High School principal; and Gary Hartlieb, the district's administrative assistant for curriculum, circulated a vacancy announcement to regional colleges and universities and solicited applications at a minority job fair for the MMS assistant principal position. Eleven individuals applied, and the committee selected five candidates for interviews. Two of the applicants, including Cooper, were black; the rest were white. The school district selected Cooper for an interview despite questions about his qualifications.*440 In particular, the search committee had concerns whether Cooper was eligible for the Type 75 General Administrative certificate required to hold an administrative position in the school district, or even the two years' prior teaching experience required to be a principal in Illinois.

During Cooper's interview, he acknowledged that he had no knowledge of the teacher evaluation process or state quality assessments. His inexperience was also noted by the interviewers; each interviewer stated independently that Cooper lacked basic knowledge of classroom and school-management techniques. In fact, one interviewer noted during Cooper's interview that "there is no way [Cooper] could handle this job."

The committee chose to hire Leslie Smith, who is black and who met all the qualifications for the position. Only three days after he accepted the job, however, Smith resigned for personal reasons. By this time, the only candidates from the original, five-person pool who had not withdrawn from consideration were Cooper and another white applicant. The committee decided that neither would be a satisfactory choice and so the committee decided to hire Michael Sullivan, a white internal candidate who had interviewed the year before for an assistant principal position at the high school, and whom Superintendent Mugge knew and recommended.

Cooper then filed a charge of racial discrimination with the Illinois Department of Human Rights. After receiving a right-to-sue letter, he filed suit in federal court in April 1997. By not hiring him as an assistant principal, he alleged, the defendants violated Title VII because (1) the person ultimately hired for the job was white; (2) Cooper was equally or more qualified for the job; and (3) defendants failed to follow their own hiring standards.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

6 Fed.Appx. 438
6 Fed.Appx. 438, 2001 WL 436185 (C.A.7 (Ill.))
(Cite as: 6 Fed.Appx. 438)

Page 3

**2 The district court concluded that Cooper failed to establish a *prima facie* case of race discrimination because he had not shown that he was qualified for the assistant principal position or that the position went to a similarly-situated individual outside the protected class. The court went on to note that even if it proceeded to a pretext analysis, Cooper had not provided any probative evidence to show that defendants did not honestly pass over his candidacy because of his lack of both classroom experience and qualifications for a Type 75 administrator's certificate in Illinois.

Cooper's *pro se* brief on appeal fails to comply with the federal rules; he merely recites a lengthy list of facts followed by a string of case summaries without developing any comprehensible legal arguments. *See* Fed. R.App. P. 28(a). Nevertheless, because we construe *pro se* briefs liberally, Whitford v. Boglino, 63 F.3d 527, 535 n. 10 (7th Cir.1995) (per curiam), we shall address the merits of his appeal. Cooper appears to argue generally that the district court erred in determining that he failed to establish either his *prima facie* case or pretext on the part of defendants.

[1][2] To make out a *prima facie* case for failure to hire under the framework articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), Cooper must show that (i) he is a member of a protected class; (ii) he applied and was qualified for a job for which the employer was seeking applicants; (iii) despite his qualifications he was rejected and (iv) the defendants granted the job to someone outside the protected class who had similar or lesser qualifications. *See* Flores v. Preferred Technical Group, 182 F.3d 512, 515 (7th Cir.1999); Gonzalez v. Ingersoll Milling Machine Co., 133 F.3d 1025, 1032 (7th Cir.1998). Cooper fails to satisfy the second and fourth parts of the *prima facie* *441 test. In the absence of proof that he could or did meet the Type 75 certificate requirements, he cannot show that he was qualified for the assistant principal position, and the person who was initially hired-Leslie Smith-was a more-qualified member of the protected class. *See* Carson v. Bethlehem Steel Corp., 82 F.3d 157, 158-59 (7th Cir.1996) (per curiam) ("An employee may be able to show that his race ... tipped the scales against him, without regard to the demographic characteristics of his replacement.") And, to the extent that Cooper argues that the MBE discriminated against him when it ultimately hired Sullivan, a white applicant, Cooper still cannot establish a *prima facie* case. Although Cooper argues that Sullivan also lacked a Type 75 general administrative certificate, and was thus similarly or less qualified than he, the record indicates that Cooper was qualified only for a two-year, non-renewable provisional certificate, whereas Sullivan had completed all course work requirements for the general administrative certificate and was only weeks away from receiving his certificate.

**3[3][4] Even if Cooper could satisfy his *prima facie* burden, the district court properly observed that Cooper failed to show that the defendants' legitimate, non-discriminatory reasons for not hiring him were a pretext for discrimination. To show pretext, Cooper must demonstrate that the MBE's proffered reason was a lie or completely lacked a factual basis. Jordan v. Summers, 205 F.3d 337, 343 (7th Cir.2000). Even if the reasons for Cooper's non-selection were mistaken, ill considered or foolish, so long as the MBE honestly believed those reasons he has not shown pretext. *Id.* A desire to hire the more experienced or better qualified applicant is a non-discriminatory, legitimate, and common reason on which to base a hiring decision. *See, e.g.,* Gorence v. Eagle Food Centers, Inc., 242 F.3d 759 (7th Cir.2001); Mills v. Health Care Serv. Corp., 171 F.3d 450, 458-59 (7th Cir.1999); *see also* Parker v. Board of School Com'rs of City of Indianapolis, 729 F.2d 524, 527 (7th Cir.1984). The MBE decided not to hire Cooper for numerous reasons, including his lack of experience, lack of qualifications, including the Type 75 certificate, his admitted lack of familiarity with state assessment standards, and the MBE's own belief that Smith and Sullivan were more qualified. As we have held many times, this court will not act as a super-personnel department to second-guess an employer's facially legitimate business decisions. Stewart v. Henderson, 207 F.3d 374 (7th Cir.2000); Foster v. Arthur Andersen, LLP, 168 F.3d 1029, 1035 (7th Cir.1999).

One issue remains. Cooper claims that he received ineffective assistance of counsel because his lawyer failed to provide the district court with factual information helpful to his case. But "it is a well-established principle of law that there is, in general, no constitutional or statutory right to effective assistance of counsel in civil cases." Hutcherson v. Smith, 908 F.2d 243, 245 (7th. Cir.1990); *see also*

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

6 Fed.Appx. 438                                                                                               Page 4
6 Fed.Appx. 438, 2001 WL 436185 (C.A.7 (Ill.))
**(Cite as: 6 Fed.Appx. 438)**


*Pokuta v. Trans World Airlines, Inc.,* 191 F.3d 834, 840 (7th Cir.1999). *Zarnes v. Rhodes,* 64 F.3d 285, 288 (7th Cir.1995).

AFFIRMED.

C.A.7 (Ill.),2001.
Cooper v. Murphysboro Bd. of Educ., Community Unit School Dist. No. 186, Jackson County, Ill.
6 Fed.Appx. 438, 2001 WL 436185 (C.A.7 (Ill.))

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.