IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CARL R. MENEFEE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07 C 6396 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| DYNAMIC EDUCATIONAL SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Pro se plaintiff Carl Menefee has filed a three-count amended complaint against defendant Dynamic Educational Systems, Inc. ("DESI"), alleging: (1) race and sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII") (Counts I and II, respectively), and (2) age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 625 et seq. ("ADEA") (Count III).[1] Defendant

---

[1] Although the complaint does not mention the statutes by name, pro se complaints are held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Accordingly, pro se complaints are to be liberally construed. McCormick v. City of Chicago, 230 F.3d 319, 325 (7th Cir. 2000). The court notes, however, that plaintiff has filed numerous discrimination complaints and has at least some familiarity with the laws at issue in the instant case.
  Defendant's L.R. 56.1 Statement addresses Count I of the complaint under both Title VII and 42 U.S.C. § 1981. (Defendant also mistakenly addresses Count II under § 1981, which does not prohibit age or sex discrimination. Anooya v. Hilton Hotels Corp., 733 F.2d 48, 50 (7th Cir. 1984).) Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, as is enjoyed by white citizens..." and defines making and enforcing of contracts as "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." See also Saint Francis Coll. v. Al-Khazraji, 481 U.S. 604, 614 (1987). "Because we evaluate [Section] 1981 claims under the same rubric as Title VII claims, we need not address them separately." Herron v. DaimlerChrysler Corp., 388 F.3d 293, 299 (7th Cir. 2004).

has filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56.  For the reasons discussed below, the court grants defendant's motion.

# **FACTS**[2]

Defendant is a corporation that provides job training and job placement services throughout the Chicago area.  On August 23, 2004, defendant placed an ad for an accountant position in the Chicago Tribune.  That ad stated, "Supervisory & budget preparation/variance analysis exp[erience] a plus."  On November 11, 2004, defendant offered the position to Sam Lisuzzo, a 49-year-old African-American man.  At some point between November 12, 2004, and November 22, 2004, Lisuzzo declined defendant's employment offer.

On November 22, 2004, defendant posted an ad for the accountant position on several websites.  That ad stated, "Must have a solid work history in accounting and finance, 4-year degree, strong communication and analytical skills, and 2 plus years experience working in Internal Audit...Supervisory and budget preparation/variance analysis experience a plus."  Defendant received approximately 100 resumes in response to the ad, including that of plaintiff, a 50-year-old African-American man.

Chris Herro, defendant's Director of Finances, screened the resumes and selected five candidates to interview over the phone, including plaintiff.  According to Herro, each of the five candidates met the minimum qualifications for the position.  Plaintiff's resume, though, did not reference any past supervisory responsibilities or significant increases in job responsibility.  It also indicated that he had left his previous job in September 2004 without first securing another

---

[2]These facts are taken from the parties' L.R. 56.1 Statements and accompanying exhibits.

position. The resume of Melissa Giroux, a 25-year-old white woman who ultimately received the accountant position, stated that she had supervisory experience, increasing job responsibilities, and two years of internal audit and financial analysis experience.

Herro interviewed plaintiff via telephone on December 2, 2004. Herro, who did not know plaintiff's age or race at the time of the interview, found plaintiff to be flustered and lacking in communication skills. Herro, however, recommended plaintiff for an in-person interview, along with three other candidates: Dan Young, Art Aberman, and Giroux. Herro decided that the fifth candidate, Bonnie Boron, should not be interviewed in person. Herro did note, however, that plaintiff was the weakest of the four remaining candidates and that "his verbal communication skills were not as good as the other three."

D.E. Simmons, defendant's General Manager during the relevant time period, conducted in-person interviews of the four remaining candidates between December 6 and December 10, 2004. Simmons, a 50-year-old African-American man, offered the position to Giroux. A pre-approval form signed by Simmons states that he decided to hire Giroux because of her communication skills, job knowledge, qualifications, employment history, and supervisory and management skills.

On March 24, 2005, plaintiff filed a charge of discrimination with the Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC"). IDHR dismissed plaintiff's claim for lack of substantial evidence on March 29, 2006. Plaintiff filed a request for review with IDHR on April 14, 2006, which was dismissed on December 15, 2006. Plaintiff filed yet another request for review with IDHR on December 18, 2006. On July 30, 2007, IDHR issued a final order sustaining the original dismissal of plaintiff's charge.

The EEOC adopted IDHR's findings and mailed a Right to Sue Notice to plaintiff on November 6, 2007.

## DISCUSSION

Defendant has moved for summary judgment. Under Fed. R. Civ. P. 56(c), a court should grant a motion for summary judgment if "there is no genuine issue of material fact and ... the moving party is entitled to judgment as a matter of law." The burden is on the moving party to identify portions of the pleadings, answers to interrogatories, and affidavits which demonstrate an absence of material fact. See Celotrex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(c). When reviewing a summary judgment motion, the court must read the facts in the light most favorable to the non-moving party. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 255 (1986). The court's role "is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact." Doe v. R.R. Donnelley & Sons Co., 42 F.3d 439, 443 (7th Cir. 1994).

The complaint alleges that defendant failed to hire plaintiff because of his race, sex, and age. To establish his claims, plaintiff may offer direct evidence of discrimination or proceed under the indirect burden-shifting method set out in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Because plaintiff presents only indirect evidence, the court will analyze his claim under the McDonnell Douglas method. To establish a prima facie case under this method, plaintiff must demonstrate that: (1) he was a member of a protected class; (2) he was qualified for an open position for which he was applied; (3) his application for employment was rejected;

and (4) the employer filled the position with someone from outside the protected class or left the position open.  Blise v. Antaramian, 409 F.3d 861, 866 (7th Cir. 2005).  If plaintiff is successful, a presumption of intentional discrimination arises, and the burden then shifts to defendant to articulate a "legitimate, nondiscriminatory reason" for its decision not to hire plaintiff.  Id. at 867.  If defendant is able to articulate such a reason, the burden shifts back to plaintiff to show that defendant's reason was a pretext for intentional discrimination.  Lawhead v. Ceridian Corp., 463 F. Supp. 2d 856, 864 (N.D. Ill. 2006).  At all times, plaintiff bears the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against him.  Hughes v. Brown, 20 F.3d 745, 747 (7th Cir. 1994).

In the instant case, defendant argues that plaintiff has not made a prima facie case because it initially offered the position to Lisuzzo, a 49-year-old African-American man.  Lisuzzo, however, turned down the position.  Defendant then offered the position to a white woman under the age of 40, with the acknowledgment that plaintiff met the minimum qualifications for the job.  Because the position was ultimately filled by an individual outside plaintiff's protected classes, the court finds that plaintiff has made a prima facie case of race discrimination.[3]

Defendant, though, has provided a legitimate reason for its decision to hire Giroux instead of plaintiff: her superior communication skills, employment history, and supervisory

---

[3]Defendant also makes much of the fact that Simmons and plaintiff are both black males over the age of 40.  Defendant is correct that "there can be no compelling inference of discrimination when the decision-maker is in the same protected category as the plaintiff." Maiter v. Harris Bankcorp, Inc., 2004 WL 419910, *9 (N.D. Ill. Feb. 2. 2004), citing Rooks v. Girl Scouts of Chicago, 1995 WL 562126, *7 (N.D. Ill. Sept. 21, 1995).  The fact that both men are in the same protected classes, however, does not mean that plaintiff has failed to establish his prima facie case.

experience. That Giroux possessed these attributes (and that plaintiff did not) is uncontested. Plaintiff has provided no evidence whatever that defendant's reasons for offering the position to Giroux were a pretext for discrimination based on plaintiff's race, sex, or age.[4] For this reason, the court grants defendant's motion for summary judgment.

## CONCLUSION

For the reasons discussed above, the court grants defendant's motion for summary judgment.

**ENTER:**     **June 17, 2008**

_____
**Robert W. Gettleman**
**United States District Judge**

---

[4] Additionally, plaintiff's response to defendant's Statement of Material Facts does not raise specific facts in rebuttal as required by L.R. 56.1. Instead, plaintiff's response merely "disputes" those facts set forth by defendant or alleges that defendant's actions were "pretextual." Such a response is insufficient and is reason alone for this court to grant defendant's motion for summary judgment. See, e.g., Greer v. Bd. of Educ., 267 F.3d 723, 727 (7th Cir. 2001) (a district court may grant defendant's motion for summary judgment when a pro se plaintiff's response to a statement of material facts fails "to designate with specificity and particularity those material facts believed to establish a genuine dispute for trial").